[Civ. No. 13004. Second Dist., Div. Three. Mar. 31, 1942.]

EARL D. COLGROVE, Respondent, v. LOMPOC MODEL "T" CLUB, INC. (a Corporation) et al., Appellants.

Glines & Libeu, Jack H. Glines and Leon J. Libeu for Appellants.

Fred A. Shaeffer and Wilbur D. Garber for Respondent.

WOOD (Parker), J.—The action is for damages for personal injuries to plaintiff as the result of being struck by an automobile driven by defendant Cazenave upon the premises of the defendant Lompoc Model "T" Club, Inc. Judgment was upon a verdict in favor of both defendants. The appeal is from an order granting plaintiff's motion for a new trial. In granting the motion the judge signed an order as follows: "The motion of plaintiff for a new trial is granted on the ground of errors of law occurring in the trial."

Defendant Lompoc Model "T" Club, Inc., operated a race track for model "T" Fords about 10 miles from Lompoc. The track was oblong with the longer sides on the north and south. A single cable, referred to as a fence, extended along the north side of the track about forty feet from the north edge of the track. The space between the cable and the track was slightly rough and had some weeds on it. On July 23, 1939, plaintiff attended the races after having paid an admission charge. He watched the races from a point at the northeast turn of the track just outside the cable. About 5 or 10

minutes after the last race he started to walk to his car which was parked at the northwest turn of the track. About 2000 persons attended the races that day and cars were parked almost solidly along the outside of the cable and, as he walked, many of the cars were moving preparatory to leaving. After he had walked for some distance outside the cable among the parked and moving cars and in the brush he went under the cable and walked toward his car and was struck by a race car which was being driven by defendant Cazenave. There was testimony that signs were on the cable and trees stating ''Keep off tracks'' and that announcements were made over a loud speaker system during and .after the races to the effect that the people should keep off the tracks; and there was testimony in opposition thereto. There were from 25 to 150 persons in the area on the track side of the cable at the time of the collision. Defendant Cazenave was a member of the Model ''T'' Club and had driven in the races that day, and because he had steering gear trouble with his car he was ordered out of the race and required to wait inside the track until the race was finished. After the race he and two girls entered the front seat of the race car and he started to give the girls a ride around the track and was traveling about 30 miles per hour, when according to some testimony his car went out of control, and struck plaintiff.

Appellants (defendants) contend that no errors of law occurred during the trial and that the order granting a new trial upon that ground is erroneous.

It is the position of respondent (plaintiff) that in this case, in which plaintiff was injured by a moving automobile, that certain instructions given at the request of defendants to the effect that the only duty owed to plaintiff, if a licensee, was to refrain from wilful or wanton injury, were erroneous for the reason they were not applicable to the facts in this case; that those instructions apply to cases in which no overt act of negligence is involved such as cases relating to the duty owing to a licensee with respect to the condition of the premises or, as sometimes expressed, to cases involving passive negligence as distinguished from active negligence.

Plaintiff further contends that, even if it be assumed that he was a licensee rather than an invitee, the duty owed to plaintiff by the operator of the automobile was not merely to refrain from wilfully or wantonly injuring him but was the duty to exercise ordinary care. This contention is sustained.

The instructions, above referred to, are as follows:

"No. 49, Defendants'. You*r* are further instructed that a person who enters the premises of another at the express or implied invitation of the occupant of said premises is an invitee. However, when said person uses or traverses a portion of said premises where he is not invited or normally expected to go, and the object of his visit to that portion of the premises is solely for his own benefit, pleasure, convenience or curiousity, having no relation to the business of the occupant of the premises, he is at best a mere licensee, the license being enjoyed by him with its concomitant perils, and with the assumption of all risks attached to the condition of that portion of the premises, or which are incident to the operation of the business conducted thereon, the occupant owing him no duty, except to refrain from doing him wilful or wanton injury. Given"

"No. 50, Defendants'. You are further instructed that if you find that at the time and place of the happening of the accident involved in this case the plaintiff, Earl D. Colgrove, was upon a portion of the premises occupied by the defendant Lompoc Model 'T' Club, Inc., a corporation, where the said plaintiff, Earl D. Colgrove, was not invited to be, nor usually expected to be, and was there only for his own benefit, convenience, or curiosity, then you must find that the plaintiff, Earl D. Colgrove, was a mere licensee, and that the defendants Lompoc Model 'T' Club, Inc., a corporation, and Edward Cazenave owed him no duty other than that they should not wantonly or wilfully injure him. Given"

"No. 51, Defendants'. You are further instructed that if you find that at the time and place of the happening of said accident that defendant, Edward Cazenave, was rightfully upon said portion of the premises at the time and place of the happening of said accident, and that plaintiff, Earl D. Colgrove, was a mere licensee at the time and place of the happening of said accident, then you are instructed that defendant Edward Cazenave, owed no greater duty to plaintiff, Earl D. Colgrove, at such time and place than did defendant, Lompoc Model 'T' Club, Inc., a corporation, and that said measure of duty by both defendants was merely to refrain from doing wanton or wilfull injury to said Earl D. Colgrove at the time and place of the happening of said accident. Given"

"No. 52, Defendants'. You*r* are further instructed that if you find that at the time and place of the happening of the

accident involved in this case the plaintiff, Earl D. Colgrove, was a mere licensee, then you are instructed to disregard any instructions that I have or may give in reference to the duty of the occupier of the premises to an invitee, and must confine your deliberations to determining whether at such time and place either of the defendants were guilty of wantonly or wilfully injuring plaintiff, Earl D. Colgrove, and if you find that under such circumstances that defendants, or either of them, did not wantonly or wilfully injure the plaintiff, then your verdict must be for the defendants, and both of them, and against the plaintiff. Given''

 Each of the instructions above quoted states that the duty owed to plaintiff, if he was a licensee, was to refrain from wanton or wilful injury. That is a general rule which applies to cases relating to the duty owed to a licensee with respect to the condition of premises, that is to cases involving passive negligence as distinguished from active negligence. If plaintiff was a licensee and was upon a part of the premises where the operator of the automobile *knew or had good reason to expect him to be,* the duty owed to plaintiff by the operator of the automobile was to exercise ordinary care to avoid injury to plaintiff.

Another issue was whether there was an agency relationship between the operator of the automobile and the club. The instructions quoted did not include a provision relative to the duty of the club toward plaintiff based upon such alleged relationship.

These instructions, in view of the facts in the case, were prejudicially erroneous.

In the case of *Yamauchi* v. *O'Neill* (1940), 38 Cal. App. (2d) 703 [102 P. (2d) 365], plaintiff was on a driveway which served the rear entrance of defendants' store and was struck by defendants' truck. Defendants contended the plaintiff was a licensee and the only duty owed to plaintiff was to refrain from wilful or wanton conduct. The court stated that even if it be assumed that plaintiff was a licensee rather than an invitee the contentions of defendants had no application to the facts before the court. In that case it was stated further (page 707) : ''—there can be no doubt whatever that the negligent operation of a moving vehicle in a place where the operator has good reason to expect the presence of licensees constitutes active negligence as distinguished from passive negligence. Under such circumstances the duty owed by

the operator of the moving vehicle to a licensee, whether such operator be the licensor or any other person, is not merely the duty to refrain from wilful or wanton conduct but is the duty to exercise ordinary care."

In the case of *Lucas* v. *Walker* (1913), 22 Cal. App. 296, 301 [134 Pac. 374, 379], it is said: "A licensee under such circumstances is entitled to recover for an injury to himself . . . resulting from the active negligence of the licensor, and such licensor is responsible in damages for any overt act of negligence though the same be neither wilful nor wanton."

Plaintiff contends that two other instructions were erroneous. One of them was to the effect that a habit of an owner in allowing people to use premises is indicative of license, and user is licensee and not invitee. The other one defines wilful injury, wanton injury, and negligent injury. By reason of the decision herein relative to the above quoted instructions, it is not necessary to discuss these two additional instructions.

In their argument on this point appellants (defendants) refer to three other instructions given at the request of defendants, and to four other instructions given at the request of plaintiff. Appellants state that these seven instructions and the six claimed to be erroneous by plaintiff should be considered together, and contend that when so considered they correctly state the law. Such a consideration of these instructions does not reveal that the jury was instructed correctly as to the duty of defendants to plaintiff, if plaintiff was a licensee and was injured by reason of the active negligence of defendants.

Appellants cite the cases of *Hamakawa* v. *Crescent Wharf etc. Co.* (1935), 4 Cal. (2d) 499 [50 P. (2d) 803], and *Lindholm* v. *Northwestern Pac. R. R. Co.* (1926), 79 Cal. App. 34 [248 Pac. 1033], and rely principally upon them in support of their contention that the instructions were not erroneous. In the Yamauchi case, *supra* (1940), the court distinguishes those cases from a situation similar to the one now before the court, and for that reason it is unnecessary to discuss those cases further.

Defendants assert that since plaintiff did not request an instruction embodying the principle of law which is announced in the Yamauchi case, *supra*, relative to active negligence, that he may not complain on appeal because such an instruction was not given.

If the law applicable to the facts of a case is stated correctly in a general charge to the jury, a party may not, in the absence of a request for a more specific or elaborate instruction, complain that a more specific or elaborate instruction should have been given. (*Townsend* v. *Butterfield* (1914), 168 Cal. 564, at 569 [143 Pac. 760]; *Ohran* v. *County of Yolo* (1940), 40 Cal. App. (2d) 298, at 307 [104 P. (2d) 700]; 24 Cal. Jur. 796.) In this case, however, the instructions as to the duty owing to a licensee injured by active negligence were erroneous, and plaintiff is not precluded from asserting that error was committed in instructions which were given, even though he did not request a proper instruction.

The order granting the motion for a new trial is affirmed.

Schauer, P. J., and Shinn, J., concurred.