[L. A. No. 18758.  In Bank.  Jan. 14, 1944.]

HARLEY  TURNIPSEED, Respondent, v. STANLEY  F. HOFFMAN, Appellant.

McFadzean & Crowe for Appellant.

Russell & Heid for Respondent.

EDMONDS, J.—In an action to recover damages, the court found that certain personal injuries had been caused by the negligent operation of an automobile and rendered judgment accordingly. Upon appeal, the trial judge's findings are challenged as not being supported by the evidence.

At the time of the accident, Stanley F. Hoffman conducted a milk distributing business in the rear of his home. A driveway extended from the street along the side of the house to a garage on the rear of the lot. In the garage there was machinery used for refrigerating milk. An electric motor was out of order, and Hoffman called a service company to make necessary repairs.

A repairman responded but was unable to do the work required. However, he told Hoffman that he would send some one else to put the motor in order. Hoffman then left to deliver milk. Shortly afterward Harley Turnipseed appeared. He took the motor to his shop and, after making repairs, returned with it about six o'clock in the evening. To replace the motor it was necessary to back an automobile a few feet out of the garage. Standing upon an improvised platform of boxes which he placed between this automobile and the machinery, he proceeded with the work.

During this time Hoffman returned to his home driving a panel truck. It was then about seven o'clock in the evening. He testified that he looked up the driveway and, seeing no vehicle standing in it, backed his truck toward the rear of the house and the garage. Driving at a speed which did not exceed one or two miles per hour, he said, he held the door of his truck open with one arm and continuously looked backward under his arm or over his shoulder.

To reach the loading platform which was his destination, it was necessary to change the course of the vehicle at the corner of the house. Just as he was about to do this, his truck struck the rear end of a small unlighted truck which Turnipseed had left in the driveway near the garage. The force of the impact drove this truck the short distance of about three feet separating it from the automobile which had been backed out of the garage, and carried that

534

vehicle into the platform upon which Turnipseed was standing, causing him to fall from it. By this fall he claims to have sustained the injuries for which damages were awarded.

Although in appealing from the judgment the appellant does not state the points upon which he relies (Rules on Appeal, rule 15[a], formerly rule VIII [2]), he argues that the respondent, coming upon his premises as a business visitor, by obstructing the driveway with two unlighted and unguarded motor vehicles, changed his status to that of a mere licensee. Toward a licensee, he says, he owed only the duty to see that his premises were in a reasonably safe condition and he was not required to give warning of obvious danger. The danger of working after dark at the rear end of a narrow driveway was obvious to the repairman, says the appellant, as was the greater danger of working in front of two parked automobiles having no lights. For these reasons, Hoffman concludes, the accident was brought about by Turnipseed's own conduct. Moreover, he insists, he had no reason to believe that any repairman would be working on his premises ''long after all reasonable working hours.''

Justifying the judgment, the respondent answers that he was employed by Hoffman to repair a motor; that he was in the proper place for the performance of work which he had been employed to do and that Hoffman drove an automobile, from which at best it was most difficult to see in a backward direction, and without looking in the direction of the place the work was being done. The record shows, says Turnipseed, that the panel truck was operated with such speed and force as to move two automobiles, both in reverse gear, forward with sufficient force to topple plaintiff off of the platform upon which he was standing.

█ The rule concerning the duty owed to a licensee does not apply to conduct amounting to active negligence, that is, where the evidence shows that injury was sustained by reason of some overt act negligently done by the one sought to be charged with responsibility for it. The distinction is clearly explained in *Colgrove* v. *Lompoc etc. Club*, 51 Cal. App.2d 18 [124 P.2d 128], and *Yamauchi* v. *O'Neill*, 38 Cal. App.2d 703 [102 P.2d 365]. █ Turnipseed was a business visitor and was upon a part of Hoffman's premises where the owner knew, or had good reason to believe, that he might find such a person. Not only had Hoffman requested Turnipseed to make repairs on the motor but the driveway was used by

the customers of his business. Under such circumstances it was Hoffman's duty to operate the truck he was driving with ordinary care to avoid injury to any person who might be in the driveway. ■ Whether at the time of the accident, he used such care was an issue of fact which the trial judge decided against him and there is substantial evidence to support the finding in that regard.

■ The appellant has suggested that the damages awarded are excessive. The trial judge allowed an amount which included loss of wages, medical expense and $3,796 as general damages. Considering the testimony relating to the injuries, the judgment carries no implication that it was not based upon a fair consideration of the evidence. Only when the amount awarded is so large as to shock one's sense of justice or raise the presumption that it was fixed as the result of passion or prejudice on the part of the trier of fact, may an appellate court reverse a judgment because of the amount allowed as adequate damages for personal injuries. (*Crane v. Smith, ante,* 288 [144 P.2d 356].)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., Traynor, J., and Schauer, J., concurred.