.[Civ. No. 22081.   Second Dist., Div. Three.   June 19, 1957.]

MARVON J. HENSLEY, a Minor, etc., Appellant, v. JOHN RUSSELL HARRIS et al., Defendants; LESLIE H. SMITH et al., Respondents.

822

Julius W. Feldman and Eric A. Rose for Appellant.

Spray, Gould & Bowers for Respondents.

SHINN, P. J.—Appeal by plaintiff from a judgment for defendants entered on a verdict in an action for damages for personal injuries arising out of a collision between an automobile and a truck.

The accident occurred about 4:45 p. m. on September 7, 1954, in an uncontrolled, blind intersection at Golden Avenue and 6th Street in Long Beach. Plaintiff was riding as a guest in an automobile driven by Donald Cory in a northerly direction on Golden Avenue. Defendant Harris, an employee of the other defendants, in the course of his employment was driving a truck west on 6th Street. The vehicles collided in the intersection. Plaintiff sued Harris and his employers but did not sue Cory. Defendants answered denying negligence but did not plead contributory negligence upon the part of plaintiff. They pleaded that the accident was unavoidable.

The only claim of error is the giving of two instructions. At the request of defendants the court gave this instruction: "At the outset of this trial, each party was entitled to the presumptions of law that every person takes ordinary care of his own concerns and that he obeys the law. These presumptions are a form of prima facie evidence and will support findings in accordance therewith, in the absence of evidence to the contrary." Defendant Harris testified: "My recollection stops back from the intersection a bit"; I do not remember whether I ever looked south on Golden; my "recollection stops some place back east of the entrance of the intersection"; I cannot recall anything further from the time my truck was about 50 feet east of the east entrance of the intersection; my "recollection went blank"; I did not see the Cory car before the accident. Harris further testified: "Q. [By Mr. Feldman, attorney for plaintiff.] Then right at the time of the accident, after the accident, you didn't know whether you were involved in an accident with a car or a truck or jeep or what kind of a vehicle you were involved in in an accident? · A. I had no idea. Q. When did you find out you were involved in this accident with the Mercury? A. I don't know. I don't remember"; "Q. Did you ever become conscious of any danger before the collision? A. No, I don't think so. Q. You can't recall becoming conscious of the fact that you were in danger, did you? A. No"; "Q. What is the next thing you did remember from the point you say your truck was at approximately 50 feet back from the east entrance of the intersection? A. I had the sensation of somersaulting

with no support. Q. So from the time you were 50 feet back east of the intersection. at the time you felt yourself somersaulting, you don't remember a thing? A. That is correct. Q. You didn't even know you had been in an accident, did you. MR. BRADISH: When? THE WITNESS: When I was in the air. Q. BY MR. FELDMAN: That is right. A. No, I don't think so. Q. You don't recall hearing any crash or anything like that? A. No, I don't believe I heard any noise either. Q. You don't recall—did you lose consciousness at any time? A. I don't think I was ever unconscious, no. Q. Now from the scene of the accident or at the scene of the accident, do you recall seeing the car that was involved in the accident after you felt this sensation of somersaulting through the air? A. No, because I have got another blank in there where I don't remember anything that was going on. Q. From when to when? A. Between the time I was somersaulting and the time some woman was talking to me. I don't remember anything in between there. Q. Now, so, you never saw the car? A. No.''

A police officer called by plaintiff testified he had a conversation with Harris in a hospital on September 7, 1954 in which Harris said he did not notice the danger from the collision; he was going 25 miles an hour at the time and that Harris stated: ''I was coming west on 6th Street from Daisy, traveling approximately 25 miles per hour, when a station wagon or jeep made a U-turn in front of me. I then slowed down for him, and then he pulled over on the right side of the street and started going west on 6th. I took this movement from him as a signal for me to pass him. As I just cleared him, I was struck by a blue car.''

█ Plaintiff asserts that on this evidence it was error to give the instruction on presumption of due care. He argues the instruction should not be given ''where there was nothing in the record of the case to indicate any physical basis for a loss of memory in the presence of an admission that the defendant did not lose consciousness at any time, and that he gave a detailed report of the accident to the police officer immediately following the accident.'' We do not agree with this contention. If the jury had believed the testimony of Harris it would not have been unreasonable to conclude therefrom that he had in fact suffered a loss of memory as to what took place while he was traveling the last 50 feet before the collision, and defendants would have been entitled to the benefit of the presumption. (*Scott* v. *Burke,* 39 Cal.2d 388 [247 P.2d 313].)

■ However, we agree with the further contention of plaintiff that it was a question of fact for the jury whether Harris had suffered a loss of memory. Defendants do not contend otherwise. They frankly and very properly say ''From the foregoing discussion it is clear that whether a party has sustained a genuine, rather than a pretended, loss of memory is a question of fact for the jury. If the jury believes that the loss of memory is genuine and that it resulted from the accident, then the presumption does apply.'' They cite *Napoli* v. *Hunt,* 141 Cal.App.2d 782, 789 [297 P.2d 653] and other cases which clearly establish the correctness of this statement. Defendants do not contend that the presumption would have been applicable if the jury had determined that Harris had not suffered a loss of memory. Inasmuch as the question of Harris' claimed loss of memory was a vital factual question it was not only error but grave error to take that question from the jury. (*Zollers* v. *Barber,* 140 Cal.App.2d 502, 507 [295 P.2d 561].)

The only answer of defendants to the contention that it was error to take the question from the jury is that if plaintiff had desired an instruction that the presumption was applicable to Harris only in case it was found he had suffered a loss of memory, he should have requested such an instruction or a qualification of the instruction that was given.

Defendants rely upon the rule found in 24 California Jurisprudence, pages 796-798: ''Although it is not true as a general proposition that all issues raised by the pleadings are waived unless instructions relative thereto are requested, it is unquestionably the law that where a general instruction is given which is correct as far as it goes, being deficient merely by reason of its generality, the injured party may complain upon appeal only in case he requests that the charge be made more specific, or asks for other qualifying instructions, and his request is denied.''

This is a development of the requirement of section 607a of the Code of Civil Procedure that the parties propose instructions covering the law as disclosed by the pleadings.

■ Each party has a duty to propose instructions in the law applicable to his own theory of the case. He has no duty to propose instructions which relate only to the opposing theories of his adversary, and having no duty respecting them he has no responsibility for the latter's mistakes.

■ The rule relied upon by defendants has rarely been applied except in the case of inadequate definitions of words

and legal terms which each of the parties would desire to have correctly defined, and in nearly all instances the inadequacy has been in the definitions of negligence. (See 24 Cal. Jur. 796.) The instruction in question is not within the rule. It is not "correct as far as it goes" nor is it "deficient merely by reason of its generality." It is erroneous, just as any other instruction is erroneous which improperly takes from the jury a material factual issue that upon the evidence can be decided either way. The rule has not been applied so as to absolve a party of responsibility for an instruction given at his request which took from the jury and decided as a matter of law a vital issue in the case. There are many such cases, but we know of none in which the party who was prejudiced by his opponent's instructions in this manner was denied the right to complain of the error. (See cases listed in 24 Cal.Jur. 841.)

There are innumerable cases which state the heart of the rule upon which the defendants rely as it was stated in *State Rubbish Collector's Assn.* v. *Siliznoff*, 38 Cal.2d 330, 340 [240 P.2d 282], "[h]ad plaintiff desired more specific instructions on the law of the case it should have requested them." In none of the cases cited by defendants, nor in any that has come to our attention has it been held that a party is under any duty to offer instructions upon principles that are irrelevant to his own theory of the case or to offer corrections of the instructions of his adversary pertinent only to the latter's theory of the case.

As previously stated, the answer did not plead the defense of contributory negligence of plaintiff. He did not desire that any instruction be given as to the presumption of the exercise of care. The instruction could have been of benefit only to the defendants and, obviously, was so intended. ■ To hold that it is the duty of a party to correct the errors of his adversary's instructions, or to submit better instructions upon his adversary's theory of the case, would be in contravention of section 647, Code of Civil Procedure, which gives a party an exception to instructions that are given. That is the equivalent of a specific objection to all his adversaries' instructions. While the exception will be of no avail where an instruction states the law correctly but is "deficient merely by reason of its generality," in other cases he will not be foreclosed from claiming error and prejudice. Perhaps it would be the better practice to require specific objections to

the instructions proposed by one's adversary, but that is not our law nor is it a matter for judicial legislation.

The law on the subject is well established to the contrary of the contention urged by defendants that plaintiff may not claim error in the instruction. It was declared by this court in *Colgrove* v. *Lompoc Model "T" Club*, 51 Cal.App. 2d 18 [124 P.2d 128], as follows: "If the law applicable to the facts of a case is stated correctly in a general charge to the jury, a party may not, in the absence of a request for a more specific or elaborate instruction, complain that a more specific or elaborate instruction should have been given. (*Townsend* v. *Butterfield* (1914), 168 Cal. 564, at 569 [143 P. 760]; *Ohran* v. *County of Yolo* (1940), 40 Cal.App.2d 298, at 307 [104 P.2d 700]; 24 Cal.Jur. 796.) In this case, however, the instructions as to the duty owing to a licensee injured by active negligence were erroneous, and plaintiff is not precluded from asserting that error was committed in instructions which were given, even though he did not request a proper instruction." This statement was quoted and declared to be the correct rule by the Supreme Court in *Tabata* v. *Murane*, 24 Cal.2d 221 at 228 [148 P.2d 605]. It was quoted and approved in *Lane* v. *Pacific Greyhound Lines*, 26 Cal.2d 575 at 587 [160 P.2d 21]. In *Ornales* v. *Wigger*, 35 Cal.2d 474 [218 P.2d 531], the court said: "Ordinarily, before an appellant may complain of the lack of an instruction, he must have made a request that the charge be made more specific, or ask for qualifying instructions. This general rule is apparently qualified by the rule that an appellant may complain, in the absence of such request, where the instruction given erroneously states the applicable law and prejudice is suffered thereby. (*Lane* v. *Pacific Greyhound Lines*, 26 Cal. 2d 575, 587 [160 P.2d 21]; *Tabata* v. *Murane*, 24 Cal.2d 221 [148 P.2d 605]; *Colgrove* v. *Lompoc etc. Club*, 51 Cal.App.2d 18 [124 P.2d 128].)" In *Sexton* v. *Brooks*, 39 Cal.2d 153, at 158 [245 P.2d 496], the court stated: "The instruction which was given was erroneous and misleading, and defendant did not waive the error by failure to request an instruction which correctly defined her duty to plaintiff. (See *Tabata* v. *Murane*, 24 Cal.2d 221, 227-228 [148 P.2d 605].)" In *Kading* v. *Willis*, 135 Cal.App.2d 82 [286 P.2d 861], the appellant complained of error in an instruction on the duty of care and the opinion states: "Respondent argues that appellant cannot complain because he requested no specific instruction embodying the application of the correct rule. It is true that one who would

complain of an absence of instruction on a material matter or of need of clarification or elaboration in an instruction which is correct as far as it goes must tender an appropriate request or be precluded from claiming error, but that rule does not apply to an erroneous instruction which is given at the instance of the opposing party. (*Colgrove* v. *Lompoc Model "T" Club, Inc.*, 51 Cal.App.2d 18, 24 [124 P.2d 128]; *Tabata* v. *Murane*, 24 Cal.2d 221, 228 [148 P.2d 605]; *Sexton* v. *Brooks*, 39 Cal.2d 153, 158 [245 P.2d 496].)''

In the recent case of *Clark* v. *Pamplin*, 147 Cal.App.2d 676 [305 P.2d 950], the appellant complained of an instruction that omitted subdivision (c) of section 511 of the Vehicle Code, which related to speed of 55 miles per hour and would have complemented the one that was given; the court replied: ''True, he did not request the giving of subdivision (c) to the jury and therefore cannot complain of failure to include it in the instruction which was given. But he is not thereby precluded from complaining of his being limited to an inapplicable 25-mile maximum. (*Tabata* v. *Murane*, 24 Cal.2d 221, 227-228 [148 P.2d 605].)''

In our case proper instructions respecting the presumption of the exercise of care would have stated that only the defendants were seeking the benefit of the presumption and that they would be entitled to it only in case it was determined by the jury that Harris, because of loss of memory due to the accident, as he testified, was unable to recollect and relate what his actions were up to the moment of the collision. Since such an instruction would have been contrary to plaintiff's contention that there was insufficient evidence to prove that Harris had suffered a loss of memory, it would not be reasonable to say that he had a duty to propose such an instruction nor would it be just to deprive him of a fair trial when he was not at fault.

Robert Drake, an eyewitness, testified for plaintiff that just before the accident defendants' truck passed him at a speed of 40 miles per hour, that it did not decrease its speed and its rear lights did not go on before it entered the intersection. Mr. Cory testified that he was traveling 15 or 20 miles per hour at the time of the accident; he looked both ways before entering the intersection and saw no approaching vehicle before he observed the truck entering the intersection from the east. Defendants adopted the testimony of these witnesses. Harris was traveling west on 6th Street which was 50 feet wide and Cory was traveling north on Golden

which was 40 feet wide. The view of each was obstructed. There was undisputed evidence that the point of the accident was 21 feet south of the north curb line on 6th Street and 16 feet west of the east curb line of Golden. The truck came to rest 112 feet north of the north line of 6th Street and about 4 feet west of the west curb line of Golden. The implied finding of the jury was that Harris was not negligent. In our opinion the accident would not have happened without negligence upon the part of one or both drivers and we think it unlikely that the jury would have determined that Cory, alone, was negligent if it had been properly instructed.

■ At the request of defendants the court gave this instruction: "The mere fact that an accident happened, considered alone, does not support an inference that some person, or any party to this action, was negligent." Plaintiff argues that on his theory of the case he was entitled to application of the doctrine of res ipsa loquitur and that when the doctrine is applicable it is error to give the instruction. No instruction on the doctrine was requested. Assuming, without deciding, that the doctrine was applicable, the giving of the instruction was not error. The Supreme Court in the recent case of *Barrera* v. *De La Torre*, 48 Cal.2d 166 [308 P.2d 724], so held. No purpose would be served in repeating what is said in that opinion.

The judgment is reversed.

Wood (Parker), J., concurred.

Vallée, J., dissented.

A petition for a rehearing was denied July 10, 1957, and respondents' petition for a hearing by the Supreme Court was denied August 13, 1957. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.