[Civ. No. 5096.   First Appellate District, Division Two.—March 30, 1925.]

## THEODORE ZOLKOSKE, Appellant, v. UNITED STATES FARM AND LAND COMPANY (a Corporation), Respondent.

[1] FRAUD—ACTION FOR DAMAGES—CONFLICTING EVIDENCE—INSTRUCTIONS.—In an action for damages for fraud involved in the purchase of land owned by defendant, where the evidence supports the verdict in favor of defendant and, if the jury had rendered its verdict in favor of plaintiff, that verdict would also have been supported by the evidence, errors in the instructions become vital on appeal.

[2] ID. — RESPONSIBILITY FOR ACTS OF AGENT — CONTRADICTORY INSTRUCTIONS.—In such action, where the trial court, at the request of plaintiff, instructs the jury as to the legal responsibility of defendant for false representations made by persons acting as agents of defendant within the scope of their authority, but such instruction is accompanied by three instructions requested by defendant to the effect that the false representations to be actionable must have been made by defendant itself and must be traced directly to defendant, such instructions are not only contradictory, but those given at the request of defendant are incorrect statements of the law.

[3] ID.—CONFUSION OF MINDS OF JURY.—The giving of a correct instruction upon a material issue will not relieve the vice of an incorrect one where they are contradictory and serve to confuse the minds of the jury.

(1) 27 C. J., p. 78, n. 15; 38 Cyc., p. 1605, n. 69.    (2) 2 C. J., p. 849, n. 29; 27 C. J., p. 78, n. 15; 38 Cyc., p. 1605, n. 69.    (3) 4 C. J., p. 1031, n. 31, 33; 27 C. J., p. 78, n. 14; 38 Cyc., p. 1782, n. 82, p. 1783, n. 83.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge. Reversed.

The facts are stated in the opinion of the court.

Charles S. Wheeler, Charles S. Wheeler, Jr., William W. Murphy and Henry F. May for Appellant.

Butler, Van Dyke & Desmond and E. T. Young for Respondent.

NOURSE, J.—Plaintiff sued for damages for fraud involved in the purchase of land owned by the defendant in Madera County and being a part of the Chowchilla Ranch. The cause was tried before the court sitting with a jury, which, by a vote of nine to three, returned a verdict in favor of the defendant. Plaintiff moved for a new trial. The motion was denied, and from the judgment which followed the plaintiff has appealed on the judgment-roll and a bill of exceptions.

A brief statement of the facts will suffice, as the only errors alleged and relied on by appellant arise from the instructions given the jury. The defendant corporation purchased the Chowchilla Ranch, consisting of about 107,000 acres, and subdivided it into lots of about twenty acres each for the purpose of sale to the public. The defendant, either directly or through its agents, sold the greater portion of the tract prior to the year 1918, at which time it had about 11,000 acres left unsold in scattered tracts. These remaining lands were very much inferior to the lands which had been sold, containing large quantities of alkali and hardpan, which made them difficult to sell, a condition which was well

3.   See 2 Cal. Jur. 1027.

known to the defendant. In March, 1918, through the aid of an agent of the defendant, a Mr. Hollister was presented to Mr. Robertson, the president and acting head of the defendant corporation, as a representative of the Daniel Hays Company of Chicago, a corporation engaged in the real estate brokerage business. Arrangements were made between Robertson and Hollister by which the latter was authorized to sell the remaining lands owned by the defendant corporation and these were confirmed by the letter of March 22, 1918, addressed to Hollister and signed by Robertson, as president of the defendant corporation. Basing its authority upon this letter, the Daniel Hays Company immediately commenced an active campaign for the sale of these lands, during which a large number of books and pamphlets were issued to its agents advertising the lands in glowing terms. The material for this advertising was taken from booklets, maps, and photographs furnished the Hays Company directly by the defendant. Through the use of this advertising matter the plaintiff was induced to purchase some of the lands at a grossly exorbitant price, and he bases his suit for damages upon the fraudulent misrepresentations which induced the purchase.

On this appeal the respondent frankly concedes the fraud and the misrepresentations on the part of the Hays Company and its agents; but the respondent insists that it is not responsible, as the Hays Company was not its duly authorized agent. The fact of this agency thus became an important issue of fact in the trial. The appellant, however, does not rest on the proof of agency alone, but urges that the liability of respondent also rests upon the proven fact that the respondent knew that false representations were being made by selling agents of the Hays Company which was holding itself out as the authorized agent of the respondent; that these representations were based partly on information furnished the Hays Company by the respondent, and that the respondent, while fully cognizant of the fraud perpetrated on the appellant, obtained the fruits thereof and thereby ratified the acts of the salesmen.

In both of these instances the competent evidence is overwhelmingly in support of appellant's contentions. At times the respondent seems to agree with the appellant in this respect and states that the only dispute in the evidence was on

the value of the land sold to the appellant—a question which is not involved in this appeal as the fraud is conceded.    Then we find in respondent's brief the statement that the claim of agency on the part of the Hays Company is "utterly without supporting evidence" and similar expressions are used regarding the issues of "scienter" and ratification.    But these assertions are frightfully in disregard of the printed record. Proof was offered and not controverted that in July, 1918, just prior to the sale to the appellant, the Hays Company was selling other lands in the same tract for the respondent, that, throughout the entire period, the respondent dealt with the Hays Company as its authorized selling agent, furnished it information for its advertising campaign, received copies of all literature issued by the Hays Company in which it held itself out as respondent's agent and permitted that company to circulate this literature containing false and fraudulent representations about the land without objection on its part.    In addition to this we find in the telegram of September 6, 1918, sent to the Hays Company by the respondent, that the respondent canceled the contractual relations then existing with the Hays Company, specifically withdrawing "all propositions made *to you* but particularly those contained in our letters of *March twenty-second,* May tenth and June third written to *your* Mr. H. L. Hollister." Now, the letter of March 22d referred to in this telegram, was the letter addressed to Hollister upon which the Hays Company based its authority to act as agent for the respondent.    That the respondent treated this letter as conferring such authority is apparent from the use of the expression "propositions made to you" in referring to the letter "written to your Mr. H. L. Hollister."

Evidence was offered that all the literature containing the false representations regarding the lands was sent to the respondent in proof of the issue that respondent had knowledge of the fraud which was being committed in its name and for its benefit.    It was also shown that the proceeds of the sale went to the respondent upon the execution of its deed of conveyance.    The sufficiency of this evidence is not involved in this appeal.    What we have endeavored to point out is that evidence was before the jury in support of these issues of fact which required the submission of the issues to the jury.    [1]    Appellant's position on the appeal is that

the jury was not properly instructed. Respondent does not argue the points raised by appellant, but devotes its brief to a discussion of the sufficiency of the evidence to support the verdict. This may be true, but, on the other hand, we are satisfied that if the jury had rendered its verdict in favor of the appellant that verdict would have also been supported by the evidence. Thus the errors in the instructions become vital.

We do not deem it necessary to discuss these instructions in detail. The main error arises from the fact that the trial judge adopted the instructions proposed by both parties and thus, on the material issues, the instructions given were hopelessly contradictory. [2] For illustration, the trial judge, on the request of appellant, instructed the jury as to the legal responsibility of the respondent for false representations made by persons acting as agents of the respondent within the scope of their authority; but this was accompanied by three instructions requested by the respondent to the effect that the false representations to be actionable must have been made by the respondent itself and "must be traced directly to the" respondent. These instructions were not only contradictory, but those given at respondent's request were incorrect statements of the law, because if an agency existed—a fact which the jury was to determine— the respondent may have been liable for the fraud of its agents without having "directly" instigated it. [3] The giving of a correct instruction upon a material issue will not relieve the vice of an incorrect one where they are contradictory and serve to confuse the minds of the jury. (*People* v. *Maughs,* 149 Cal. 253, 261 [86 Pac. 187]; *Pierce* v. *United Gas & Elec. Co.,* 161 Cal. 176, 185 [118 Pac. 700]; *Starr* v. *Los Angeles Ry. Corp.,* 187 Cal. 272, 280 [20 Pac. 599]; *O'Meara* v. *Swortfiguer,* 191 Cal. 12, 15 [214 Pac. 975].)

The instructions on the subject of respondent's liability if the jury should find that it was responsible for the false representations being made, or had knowledge that they were being made and countenanced the fraud to its own financial benefit are of like tenor. At the request of the appellant the trial judge correctly stated the law on that subject and then, at the request of the respondent, told the jury, in effect, that there was no responsibility and no rati-

fication. In addition to charging the jury in respect to matters of fact the instructions on this subject are contradictory and misleading.

If we were to find that the error in these instructions was insignificant, the fact that the same error was repeated time and again throughout the charge to the jury so that the error was constantly emphasized, while the correct instruction was given but once, is sufficient to demonstrate the prejudice to appellant's cause arising from the error.

Judgment reversed.

Sturtevant, J., and Langdon, P. J., concurred.

Respondent's petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 28, 1925.

All the Justices concurred.