[Civ. No. 1882.   Fourth Appellate .District.—June 2, 1938.]

W. F. AKERS et al., Respondents, v. C. E. COWAN, Appellant.

W. M. Conley, Philip Conley, Matthew Conley and Conley, Conley & Conley for Appellant.

David E. Peckinpah and Harold M. Child for Respondents.

BARNARD, P. J.—This is an action for damages on account of injuries sustained by the plaintiffs in an automobile collision which occurred at the intersection of two streets in an outlying section of the city of Fresno. Through a cross-complaint the defendant also sought to recover damages. A jury brought in a verdict for $3,000 in favor of the plaintiff husband, but awarded nothing to the plaintiff wife. From the ensuing judgment this appeal was taken.

The appellant first contends that certain physical facts which appear in the evidence are sufficient to demonstrate that the testimony in favor of the respondents is unworthy of belief, and that it follows that the evidence is not sufficient to sustain the verdict. This contention is without

merit. In *People* v. *Salazar*, 23 Cal. App. (2d) 592 [73 Pac. (2d) 937], this court said:

"It has been frequently pointed out that what actually occurs in accidents of this nature cannot be conclusively determined from the positions and conditions in which the cars are left and from the application of the laws of physics because of the many elements and uncertainties which necessarily exist. (*Nagamatsu* v. *Roher*, 10 Cal. App. (2d) 752 [53 Pac. (2d) 174], and cases there cited.) In *Hawthorne* v. *Gunn*, 123 Cal. App. 452 [11 Pac. (2d) 411], we said: 'Perhaps there is nothing more certain about an automobile accident than the fact that the visible results afterward are not an infallible guide in determining what occurred.' "

The evidence as to the "physical facts" pointed out by the appellant is in itself conflicting. While a large part of the evidence, including a part of that relating to physical facts which were observable afterwards, would have amply sustained a judgment in favor of the appellant, it is equally true that other portions of the evidence are sufficient to sustain the verdict as rendered.

It is next urged that the court erred in instructing the jury as to the law regulating the speed of automobiles at the place in question and the burden of proof with respect thereto. The appellant had testified that he drove through this intersection at a speed of between twenty-five and thirty miles an hour and whether or not he was negligent in so doing was one of the main issues presented to the jury. At the request of the respondents the court instructed the jury as follows:

"You are instructed that the legal obligations resting upon the parties to this action at the time and place of the said collision, and their respective rights, are governed by the following provisions of the Vehicle Code:

" 'Section 510: No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property.

" 'Section 511: The speed of any vehicle upon a highway not in excess of the limits specified in this section is lawful unless clearly proved to be in violation of the basic rule declared in section 510 hereof.

" 'The speed of any vehicle upon a highway in excess of any of the limits specified in this section is *prima facie* unlawful unless the defendant establishes by competent evidence that any said speed in excess of said limits did not constitute a violation of the basic rule declared in section 510 hereof at the time, place and under the conditions then existing.'

"The *prima-facie* limits referred to above, in so far as they are applicable to this case are as follows:

"(a) Fifteen miles per hour when traversing any intersection of highways if during the last one hundred feet of his approach to such intersection the driver does not have a clear and unobstructed view of such intersection and of any traffic upon all of the highways entering such intersection for a distance of one hundred feet along all such highways.

"(c) Twenty-five miles per hour in any residence district."

The jury was thus told that the *prima facie* speed limits applicable to this case were fifteen miles per hour when traversing a blind intersection and twenty-five miles per hour in any residence district. There was no evidence that this was a residence district as defined in the code. There was evidence showing it was a blind intersection within the meaning of that provision of the code, although the appellant argues that the fifteen-mile *prima facie* limit did not apply since stop signs had been erected on both sides of the street on which these cars were traveling. However, there is no evidence that these stop signs had been placed there by the proper authorities and for the purposes of this opinion we will assume that the *prima facie* speed limit of fifteen miles was here applicable.

In connection with the *prima facie* speed limits thus given to the jury the above instruction included the second paragraph of section 511 of the Vehicle Code, which sets forth the rule applicable in criminal actions where a defendant is charged with traveling on a highway at a rate of speed higher than the *prima facie* limits set forth in that section. In such a case the burden is placed upon the defendant of proving that any speed in excess of these limits did not constitute a violation of the basic rule set forth in section 510. A contrary rule prevails in civil actions, which rule is set forth in section 513 of this code. The question of speed was here material and important and the giving to ·the jury of this

wrong instruction with reference to the burden of proof in connection with that issue was plainly erroneous. (*Anderson* v. *Mothershead,* 19 Cal. App. (2d) 97 [64 Pac. (2d) 995].)

The court also read to the jury section 513 of this code, as follows:

"In any civil action proof of speed in excess of any *prima facie* limit declared in section 511 hereof at a particular time and place shall not establish negligence as a matter of law, but in all such actions it shall be necessary to establish as a fact that the operation of a vehicle at such excess speed constituted negligence."

Later on the court gave another instruction, reading as follows:

"Although the driving of a motor vehicle in excess of the limits specified by the Vehicle Code does not constitute negligence as a matter of law, still such violation, if any, on the part of the defendant may be considered by you along with such other evidence as may have been introduced upon the subject, in determining the guilt or innocence, of the defendant of the charges made in plaintiffs' complaint; that is, in determining whether or not he acted with ordinary care under the circumstances of the case, but this rule has no application to the basic speed law as defined in the said code, which prohibits a speed greater than is reasonable or prudent having due regard for the traffic on, and the surface and width of, the highway, or which endangers the safety of persons or property, and the violation of such basic law or of any other express provision of the Vehicle Code, as hereinbefore stated to you, in any other particular, except as to the speed limit specified therein, constitutes negligence as a matter of law."

The question remains whether the error mentioned was cured by these other instructions. It may first be observed that the instruction last quoted is at least somewhat confusing in that after saying that although driving in excess of the limits specified by the Vehicle Code does not constitute negligence as a matter of law, it states that "such violation" on the part of the defendant may be considered by the jury in determining whether he was negligent. It might well be that such an excess of speed would not constitute a violation of law in a civil case. In determining whether such an excess of speed was in fact a violation of law under the circum-

stances the jury should have been plainly and correctly instructed with respect to the burden of proof. The instruction last quoted had a tendency to continue the previous error and to confuse rather than to clarify the entire matter.

Since section 513 was also read the jury was given two conflicting instructions relating to the burden of proof in this connection, the first of which, although clearly erroneous, was particularly tied in with and directly related to two of the *prima facie* limits of speed referred to in the same section of the code. It has been frequently held that the giving of an erroneous instruction is not cured by the giving of other correct instructions, where the effect is simply to produce a clear conflict in the instructions and it is not possible to know which instruction was followed by the jury in arriving at a verdict. (*Pierce* v. *United Gas Co.*, 161 Cal. 176 [118 Pac. 700]; *Rathbun* v. *White et al.*, 157 Cal. 248 [107 Pac. 309]; *Fogarty* v. *Southern Pac. Co.*, 151 Cal. 785 [91 Pac. 650]; *Zolkoske* v. *United States Farm & Land Co.*, 72 Cal. App. 63 [236 Pac. 344]; *Gaster* v. *Hinkley*, 85 Cal. App. 55 [258 Pac. 988]; *Maggini* v. *West Coast Life Ins. Co.*, 136 Cal. App. 472 [29 Pac. (2d) 263].) In *Starr* v. *Los Angeles Ry. Corp.*, 187 Cal. 270 [201 Pac. 599], the court said:

''It is true, as respondent points out, that the instructions are to be construed together, but where the instructions are flatly contradictory, as is the case where the jury is instructed upon a specific state of facts to bring in a verdict in favor of the plaintiff or defendant and is elsewhere instructed in general terms not to do so, the instructions must be held to be conflicting and prejudicial, because it cannot be ascertained upon what theory the verdict was returned. The theories of the plaintiff and defendant were diametrically opposed and the evidence, as well as the instructions, was sharply conflicting. Under this condition it cannot be said that there is no miscarriage of justice when it cannot be ascertained from the record upon what theory the jury was authorized by the instructions of the court to render its verdict, or upon what state of facts shown in evidence the verdict was reached.''

The evidence in this case is not only sharply conflicting, but is so nearly evenly balanced that it would seem from the written record that the matter of upon which side lay this burden of proof may well have been determinative upon the question of appellant's negligence as presented to the jury. The appellant was entitled to have that matter clearly and

correctly presented by the instructions. The first instruction on that subject contained matter which was not only erroneous but which had no place in any civil action and, under the circumstances here appearing, the giving of the same must be held to have been prejudicial.

The judgment is reversed.

Marks, J., and Jennings, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 1, 1938.