[Civ. No. 11100.  First Appellate District, Division One.—July 29, 1940.]

SERAFINO CAVALLI et al., Appellants, v. ELIZABETH LUCKETT, Respondent.

James A. Walker for Appellants.

Hoge, Pelton & Gunther and A. Dal Thomson for Respondent.

KNIGHT, J.—The plaintiffs, Serafino Cavalli and Lucia Cavalli, husband and wife sued to recover damages for personal injuries sustained by Mrs. Cavalli in a collision between an automobile in which she was riding as the guest of Paul Gianocca and one owned and driven by defendant Elizabeth Luckett. The complaint alleged in general terms that the collision resulted directly and proximately from the careless, negligent and reckless operation of the defendant's car. The answer denied the charges of negligence, and as an affirmative defense alleged that Mrs. Cavalli was guilty of contributory negligence in that she failed to take any care or caution for her own protection. A jury returned a verdict in favor of defendant, and from the judgment entered thereon plaintiffs appeal.

The accident happened about midnight in October, 1937, on the main through highway (U. S. 101) in Monterey County, just north of the unincorporated town of Greenfield, where said highway is crossed at right angles by Apple Street. Defendant was driving northerly along the main highway and the car in which Mrs. Cavalli was riding was traveling easterly on Apple Street. The collision occurred within the inter-

section. The main highway at this point is sixty feet wide, traversable almost the entire width, with a concrete pavement in the center about fifteen feet wide, and oiled shoulders on either side four and a half feet wide; while the width of Apple Street is forty feet, with an oil pavement twenty feet wide in the center. The estimated speed at which defendant's car was traveling at the point of collision was not shown; but one witness testified that when it was about sixty feet south of the intersection it was being driven forty to forty-five miles an hour; and another fixed the speed at the same point at "approximately fifty to sixty miles per hour".

Plaintiffs make no claim, however, that the evidence is insufficient to support the verdict. As ground for reversal they assign as error, first, the giving of an instruction, No. XLIV, proposed by defendant, based on section 511 of the Vehicle Code, which was as follows: "I instruct you that the *prima facie* speed limit for the defendant was forty-five miles per hour at the place of the collision involved in this action." Admittedly such is the *prima facie* speed limit outside of a business or residence district, as they are defined by sections 89 and 90 of the Vehicle Code, but plaintiffs claim that the evidence established that the place of collision was within a "residence district", and that therefore, since said section 511 fixes twenty-five miles an hour as the *prima facie* speed limit within such a district, the giving of the above instruction constituted prejudicial error. In connection with such claim and in furtherance thereof plaintiffs proposed two instructions based on the Vehicle Code sections defining a residence district and prescribing the *prima facie* speed limit therein, which instructions the court refused to give; and such refusal also is assigned as error. We find no merit in either of the foregoing assignments.

Section 758 of the Vehicle Code declares that "Every highway shall be *conclusively presumed* to be outside of a business or residence district unless its existence within a business or residence district is established by clear and competent evidence as to the nature of the district *and unless such district is duly signposted when and as required by this code.*" Those statutory requirements are set forth in section 468, and are as follows: "(a) Speed restriction *signs shall be erected* upon every principal thoroughfare *at the entrance thereof* into a business or *residence district* and may be erected upon any

other highway at the entrance thereof into such a district. (b) The authorities having jurisdiction shall determine and select those principal thoroughfares entering a business or residence district which shall be so signposted. . . . (e) *Such signs shall be erected* at a height of not less than four nor more than ten feet from the ground and shall be placed on the right-hand side of the highway *at the entrance thereof into such district.*" (Italics ours.) Section 758 is a re-enactment of the provisions of subdivision (c) of section 28½ of the former Vehicle Act (Stats. 1929, p. 510), and the subdivisions of section 468 above quoted are re-enactments of sections 115 and 116 of the former Vehicle Act (Stats. 1931, p. 2122); therefore the judicial interpretation given the former sections applies to the re-enactments (*Harris* v. *Barlow,* 180 Cal. 142 [179 Pac. 682]; *Lightner Min. Co.* v. *Lane,* 161 Cal. 689 [120 Pac. 771, Ann. Cas. 1913C, 1093]; 23 Cal. Jur. 795); and the decisions construing and applying the former sections definitely held that if it was claimed that the accident happened on a stretch of highway within a business or residential district, and there was a failure to prove either sufficient density of structures *or* signposting as required by law, it would be conclusively presumed that said stretch of highway was outside of such a district (*Cunningham* v. *Cox,* 126 Cal. App. 685 [15 Pac. (2d) 169]; *Wheeler* v. *Buerkle,* 14 Cal. App. (2d) 368 [58 Pac. (2d) 230]). Thus, as said in the former case, "It is therefore clear that no road is deemed to be within a 'business or residence district' for the purposes of the act unless it appears first, that there is within the district the required density of structures, and second, that the district is signposted 'at the boundary lines' thereof; and if the uncontradicted testimony affirmatively shows either an insufficient density of structures within the alleged district or a failure to post signs at the 'boundary lines' of the alleged district, then the district is outside of a 'business or residence district' for the purposes of the act."

In the present case the evidence is summarized in narrative form in a bill of exceptions upon which the appeal was taken, and both sides complain that the bill does not include all of the evidence introduced at the trial. Consequently in the presentation of the appeal both sides in their briefs have referred to factual matters not shown by the bill of exceptions. In the determination of the appeal, however, we are

restricted to the facts shown only by the bill, and it appears therefrom that while plaintiffs introduced evidence showing a sufficient number of dwellings and business structures on both sides of said highway for a distance of a quarter of a mile south of the intersection to create a residence district as defined by said section 90 they failed entirely to prove that the highway running through it was signposted in conformity with the requirements of the statute. All that they proved in this regard was, quoting from the bill, "That at the time of said collision, there was an 'end 25 mile zone' sign post located on the East side of said United States Highway No. 101 [facing south] about 20 feet South of the said intersection where the collision occurred." Plaintiffs in their closing brief have incorporated a map showing among other things the location of another signpost on the westerly side of the highway, facing north, opposite the one on the easterly side; but there is nothing whatever in the record showing, nor do plaintiffs claim that said map was ever offered or received in evidence at the trial or referred to therein for any purpose.

Even assuming, however, that there was an entrance signpost at the northerly end of the alleged residential district, the evidence wholly fails to show that the highway at the southerly entrance was signposted in any manner; consequently, so far as it here appears, there was nothing to warn motorists traveling, as defendant was traveling, in a northerly direction, that they were entering a residential district. Moreover and in any event, the conceded fact is that the collision took place in the intersection at least twenty feet beyond the "end 25 mile zone" signpost located at the northerly end of the alleged district. In the foregoing state of the evidence the trial court was justified in instructing the jury that "at the place of the collision" the *prima facie* speed limit was forty-five miles per hour. In this respect the case is essentially no different from *Cunningham* v. *Cox, supra,* and there in disposing of the question the court went on to say: "In other words there was no sign at the westerly boundary line of the alleged district which sign might have been viewed by traffic going easterly from Saratoga and in the direction which respondent was driving. It therefore affirmatively appears that there was neither sufficient density of structures nor sufficient signposting to make the district in question a 'residence district' within the meaning of the

act. . . . Upon the record before us it would have been entirely proper to have instructed the jury that the scene of the accident was not within a 'business or residence district'." To the same effect is *People* v. *Okada,* 14 Cal. App. (2d) 660 [58 Pac. (2d) 967], wherein an attempt was made to show that the locality involved therein came within the Vehicle Code definition of a business district, but there was no evidence that the alleged district was signposted as such; and the court held that under such circumstances it was improper to give instructions as to the *prima facie* speed limit fixed for a business district.

■ Plaintiffs argue that they "were entitled to and did rely upon certain presumptions to assist them" in establishing that the alleged district was legally signposted, the presumptions relied upon being "That the law has been obeyed" (Code Civ. Proc., sec. 1963, subd. 33), and "That official duty has been regularly performed" (Code Civ. Proc., sec. 1963, subd. 15). Their argument in this respect is that "from the established 'end 25 mile zone' sign post it must be presumed that the duly constituted authorities of this State, in obedience to Section 468 of the Vehicle Code and other laws of this State, determined the district in question to be a residential district and duly erected an 'entrance 25 mile zone' sign post and an 'end 25 mile zone' sign post when and as required by the Vehicle Code of California." It is quite evident, however, that the presumptions relied upon cannot be extended to cover a factual situation of this kind, particularly in view of the decisions above cited and the wording of section 758 itself, which obviously, when read as a whole, requires clear and competent evidence to prove the fact.

■ Plaintiffs make the further point that when in 1935 the provisions of subdivision (c) of section 28½ of the Vehicle Act were re-enacted into the Vehicle Code and given the number 758, the legislature intended to make the provisions thereof apply only to criminal cases. Such contention is based entirely upon the premise that in the re-enactment of said section in 1935 it was placed in one of the chapters of division XII of the Vehicle Code which bears the heading "Parties, Procedure, Evidence and Penalties in Criminal Cases". The negative answer to plaintiffs' contention is to be found, however, in section 7 of the "General Provisions" of

said code, which reads as follows: "7. Effect of Headings. Division, chapter, article, and section headings contained herein shall not be deemed to govern, limit, modify or in any manner affect the scope, meaning or intent of the provisions of any division, chapter, article or section hereof." It would seem, therefore, that the very purpose of the legislature in incorporating said section 7 in the code was to meet any contention such as plaintiffs are now making to limit the scope and effect of said section 758.

Plaintiffs also proposed and the court refused to give an instruction embodying the basic speed law declared by section 510 of the Vehicle Code, and most of the provisions of section 511. We find no error in the refusal for the following reasons: (1) The provisions of the basic speed law and the first paragraph of section 511 were sufficiently covered by other instructions, notably XXIII, XXIX, XXX, and XLI: (2) the rule as to the burden of proof declared by the second paragraph of section 511 has been held to apply only in criminal cases, and consequently an instruction based thereon in the present case would have been entirely improper (*Westberg* v. *Willde,* 14 Cal. (2d) 360 [94 Pac. (2d) 590]; *Akers* v. *Cowan,* 26 Cal. App. (2d) 694 [80 Pac. (2d) 143]; *Anderson* v. *Mothershead,* 19 Cal. App. (2d) 97 [64 Pac. (2d) 995]); and (3) the remaining portions of the instruction related to factual situations which were here in no way involved. In concluding this branch of the case it may be well to state that the court's charge to the jury was most comprehensive. It consisted of sixty-four separate instructions, more than half of which were given at the request of either the plaintiffs or the defendant, and fully covered the law of negligence, speed and traffic laws, and the matter of damages. It would seem, therefore, that no element involved in the case was omitted.

The points made in exception No. 5 in the bill of exceptions are merely incidental to those already disposed of and hence do not require separate attention.

Nor do we find ground for reversal in plaintiffs' final point that the trial court erred in overruling their demurrer to that portion of the defendant's answer pleading contributory negligence, for it is well settled that to warrant a reversal on such a ground it must appear that the ruling affected the substantial rights of the demurrant. (2 Cal. Jur.

1014.) In other words, as declared by the state Constitution (sec. 4½, art. VI), a judgment shall not be set aside for any error as to any matter of pleading unless after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice. There is nothing in the bill of exceptions which would support the conclusion that the verdict herein has resulted in a miscarriage of justice.

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.