[Civ. No. 8589.   Third Dist.   Sept. 19, 1955.]

JOHNNY ESLICK, Appellant, v. ALBERT DAVID
LEACH, Respondent.

Steiner, Goldstein, Brann & Stern and Franklyn K. Brann
for Appellant.

Clark & Heafey, Schofield & Hannegan, Edwin A. Heafey
and Gerald P. Martin for Respondent.

· VAN DYKE, P. J.—This is an appeal from the judgment
entered upon a defense verdict in a personal injury action.

The accident out of which the action arose occurred in the
approximate center of the intersection of Woodrow Avenue
and Cedar Street in the city of Vallejo.  The day was clear
and dry.  Appellant was driving his automobile east on
Woodrow Avenue while the respondent was driving north
on Cedar Street.  Appellant testified that as he neared the
intersection he looked to his right down Cedar Street; that
he then had a clear view down Cedar Street for a quarter of
a block, but he did not see respondent's automobile.  Re-
spondent testified that his attention was focused upon a

vehicle which was approaching from his right on Woodrow Avenue and that he did not look to his left until he entered the intersection. Consequently, he did not see appellant prior to that moment. He further testified that appellant's automobile was then about two car lengths from the intersection and appeared to be gaining speed. Appellant made no effort to stop as he did not see respondent's automobile until the moment of impact. Respondent said he applied his brakes, but was unable to avert the collision. There was testimony that his car laid down 10 feet of skid marks before it struck appellant's car. Respondent's automobile struck appellant's car broadside with such force that it was turned completely over.

Each of the parties claimed to have entered the intersection at a speed of from 15 to 25 miles per hour, but the only other eyewitness to the accident testified that both automobiles entered the intersection at approximately the same time and at about the same speed of 30 miles per hour. Appellant claimed that he had a clear view for a quarter of a block down Cedar Street in the direction from which respondent was coming, but in this he was contradicted by the testimony of a traffic officer called to the stand by respondent who testified that a building obstructed such view.

Over appellant's objection the trial court gave to the jury admittedly erroneous instructions concerning speed limits and appellant's contention that the error requires reversal of the judgment presents the only serious question on this appeal. The court told the jury that the speed at which a vehicle travels upon the highway, considered as an isolated fact and simply in terms of so many miles per hour, is not proof either of negligence or of the exercise of ordinary care and that whether such a rate of speed was negligent or not was a question of fact. The court then instructed that the basic speed law of the state was as follows: No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent, having due regard for the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property. The court added that a violation of this basic rule is negligence. The court then told the jury that section 511 of the Vehicle Code provided that the speed of any vehicle upon a highway in excess of any of the limits specified in said section is unlawful unless it be proved to be not in violation of the basic speed law. If the jury found appellant exceeded the statu-

tory limit, this instruction placed upon him the burden of disproving negligence. The court also told the jury that in any civil action proof of speed in excess of any prima facie limit declared in section 511 of the Vehicle Code does not establish negligence as a matter of law, but that in all such actions it is necessary to establish as a fact that the operation of a vehicle at such excess speed constituted negligence. This placed upon respondent the burden of proof of negligence even if appellant had exceeded the limits. These instructions were hopelessly in conflict. Respondent's counsel do not contend that error was not committed, but rather that it was not prejudicial and, in view of the fact that the trial court denied a retrial when the error was pointed out, that the judgment ought not to be reversed on appeal. We cannot agree. Similar instructions were held reversible in *Akers v. Cowan,* 26 Cal.App.2d 694, wherein at page 699 [80 P.2d 143] the court said:

"... [T]he jury was given two conflicting instructions relating to the burden of proof in this connection, the first of which, although clearly erroneous, was particularly tied in with and directly related to two of the *prima facie* limits of speed referred to in the same section of the code. ■ It has been frequently held that the giving of an erroneous instruction is not cured by the giving of other correct instructions, where the effect is simply to produce a clear conflict in the instructions and it is not possible to know which instruction was followed by the jury in arriving at a verdict."

We think the portion we have quoted from the opinion in *Akers* v. *Cowan* aptly describes the situation resulting from the conflicting instructions given in the case before us and that for the error involved the judgment must be reversed.

Appellant contends that error was committed in rulings upon the admissibility of evidence. We think it unnecessary to extend this opinion by discussion of these contentions as the judgment must be reversed for error in the instructions.

The judgment is reversed.

Peek, J., and Schottky, J., concurred.