[Civ. No. 22061.   Second Dist., Div. Two.   Jan. 18, 1957.]

IONE CLARK et al., Appellants, v. ROBERT PAMPLIN et al., Respondents.

Wyman & Finell and Frank Rothman for Appellants.

Parker, Stanbury, Reese & McGee for Respondents.

ASHBURN, J.—Plaintiffs Ione Clark and Reed W. Clark appeal from the judgment entered upon a verdict in favor of defendants in an action for damages for personal injuries to the wife and property damage to the husband. Immediately preceding the accident they were traveling north on Guadalupe Avenue in the city of Redondo Beach, and were nearing its intersection with Pearl Street, upon which defendant Pamplin was driving his employer's one and one-half ton Ford truck in a westerly direction. The vehicles collided within the intersection.

Appellants complain of error in the court's instructions to the jury. The controversy revolves around an instruction upon section 511, Vehicle Code, reading as follows: "You are instructed that Section 511 of the Vehicle Code of the State of California in effect at the time of the accident herein involved provided in part as follows:

" 'The speed of any vehicle upon a highway not in excess of the limits specified in this section or established as authorized in this code is lawful unless clearly proved to be in violation of the basic rule declared in Section 510 hereof.

" 'The speed of any vehicle upon a highway in excess of any of the limits specified in this section or established as authorized in this code is prima facie unlawful unless the defendant establishes by competent evidence that any said speed in excess of said limits did not constitute a violation of the basic rule declared in Section 510 hereof at the time, place and under the conditions then existing.

" 'The prima facie limits referred to above are as follows and the same shall be applicable unless changed as authorized in this code and, if so changed, then only when signs have been

erected giving notice thereof, in which event the speed designated on the sign shall be the prima facie limit:

" '(a)  Fifteen miles per hour:

" '(4)  When traversing any intersection of highways if during the last 100 feet of his approach to such intersection the driver does not have a clear and unobstructed view of such intersection and of any traffic upon all of the highways, entering such intersection for a distance of 100 feet along all such highways, except on a through highway or at a traffic-controlled intersection.

" '(b)  Twenty-five miles per hour:

" '(1)  In any business or residence district.' "

The instruction was requested by defendants and was immediately followed by another defense request concerning section 513, Vehicle Code, viz.: "You are instructed that Section 513 of the Vehicle Code of the State of California in effect at the time of the accident herein involved provided as follows:

" 'In any civil action proof of speed in excess of any prima facie limit declared in Section 511 hereof at a particular time and place shall not establish negligence as a matter of law but in all such actions it shall be necessary to establish as a fact that the operation of a vehicle at such excess speed constituted negligence.' "

One of appellants' criticisms of the instruction on section 511 is that there was no evidence that the intersection was obstructed to the extent specified in (a)(4) of said section. An examination of the testimony and exhibits discloses that there was evidence tending to establish that at a distance of 100 feet south of the intersection a traveler could not see the highway for 100 feet to the east. The evidence on this subject is of an unsatisfactory nature, but it presented a question of fact for the jury. There was also evidence, mostly indirect but somewhat persuasive that plaintiff Reed W. Clark was driving at a speed in excess of 15 miles when entering and traversing the intersecton. He placed his speed at 15-20 miles when he was some 13-14 feet south of the south curb line. The car laid down 18 feet of skid marks which started when plaintiff was in the north half of Pearl Street; it collided with the truck when the latter was 18 feet from the east curb line and only 6 feet from the north curb; there was evidence that plaintiffs' Hudson automobile pushed the truck sideways for 3 feet. Moreover, defendant Pamplin's description of plaintiff's approach to the crossing would warrant the

inference that he entered at a speed of more than 15 miles, although defendant did not undertake to state plaintiff's rate of speed. That phase of the instruction, considered alone, was not erroneous.

The statement therein that the prima facie speed limit in a business or residence district is 25 miles per hour was erroneous, for there was no proof of the nature of the district (as defined in Veh. Code, §§ 89 and 90), and, more importantly, there was no showing of any signposting pursuant to section 468, Vehicle Code. Such posting is indispensable to an instruction concerning the prima facie speed limit applicable to a business or residence district. In the absence of an affirmative showing of posting, an instruction based upon the existence of such a district is erroneous. (*Reynolds* v. *Filomeo*, 38 Cal.2d 5, 10-13 [236 P.2d 801] ; *Guerra* v. *Brooks*, 38 Cal.2d 16, 19 [236 P.2d 807] ; *Daniels* v. *City & County of San Francisco*, 40 Cal.2d 614, 624 [255 P.2d 785].) Where there has been no such posting the 55-mile prima facie limit of subdivision (c) of section 511 becomes applicable. There was indirect evidence that plaintiff was traveling more than 25 miles per hour shortly before reaching the intersection, and it was prejudicial to tell the jury to test his conduct by a 25-mile speed limit. True, he did not request the giving of subdivision (c) to the jury and therefore cannot complain of failure to include it in the instruction which was given. But he is not thereby precluded from complaining of his being limited to an inapplicable 25-mile maximum. (*Tabata* v. *Murane*, 24 Cal.2d 221, 227-228 [148 P.2d 605].) This was error of such substantiality as to require a reversal. (See *Guerra* v. *Brooks, supra,* 38 Cal.2d 16, 20.)

Another major contention of appellants is that the second paragraph of section 511, which places on the defendant the burden of proving that speed in excess of the prima facie limit was not negligent under section 510, is applicable only to a criminal case and when, as here, it is given in conjunction with section 513 an irreconcilable conflict is created which necessitates a reversal. It has been held repeatedly that the second paragraph of section 511 should not be included in an instruction given in a civil case, and that it is in irreconcilable conflict with the rule of section 513. (*Westberg* v. *Willde*, 14 Cal.2d 360, 369 [94 P.2d 590] ; *Burch* v. *Valley Motor Lines, Inc.*, 78 Cal.App.2d 834, 848 [179 P.2d 47] ; *Akers* v. *Cowan*, 26 Cal.App.2d 694, 696 [80 P.2d 143] ; *Eslick* v. *Leach*, 135 Cal.App.2d 455, 457 [288 P.2d 38] ;

*Deshotel* v. *Atchison, T. & S. F. Ry. Co.,* 126 Cal.App.2d 303, 309 [272 P.2d 71].) The error in the instruction was not cured by the giving of the instruction known as BAJI 144 A, for the reason, among others, that it contains this misleading language: "[A]nd if the speed of a vehicle upon a highway is in excess of the applicable prima facie limit, such speed is unlawful unless proved to be not in violation of the basic speed law."

The question arises whether the use of the word "defendant" in the second paragraph of section 511 cures the vice of the instruction when it is directed at the question of plaintiff's contributory negligence, as in this case. We think that the word "defendant" probably would be applied by any hearer to the plaintiff in that exact context and application; that even a layman, the juror, would do so. If this be true, the irreconcilable conflict with the rule of section 513 persists. To say the least, the instruction was confusing and prejudicial.

The judgment is reversed.

Moore, P. J., and Fox, J., concurred.