[L. A. No. 25768. In Bank. June 15, 1960.]

ANNA G. RIVERA, Appellant, v. JOHN A. PARMA, as Executor, etc., Respondent.

ROGUSTINO RIVERA, Appellant, v. JOHN A. PARMA, as Executor, etc., Respondent.

314

Cort & Finley, Robert J. Cort and Ronald P. Klein for Appellants.

Moss, Lyon & Dunn, Gerold C. Dunn and Henry F. Walker for Respondent.

McCOMB, J.—This cause was transferred to this court after decision by the District Court of Appeal, Second Appellate District, Division One. Upon further examination of the record, we adopt the opinion of that court, prepared by Mr. Justice Fourt, with such omissions and additions as hereinafter appear, as and for the decision of this court. As modified, it reads:

This is an appeal from a judgment rendered in favor of the defendant executor on a jury verdict in a personal injury action.

Plaintiffs assert that erroneous and prejudicial instructions were given to the jury pertaining to the effect of speed in excess of the prima facie speed limit.

A résumé of the facts is as follows:

On Friday, March 15, 1957, Robert Sommers and Thomas Foakes, sons of plaintiff Anna Rivera, and stepsons of plaintiff Rogustino Rivera, accompanied by their respective wives and Foakes' son, drove from San Francisco to Oxnard to visit

plaintiffs. After spending the following day with the plaintiffs, Sommers and Foakes suggested that plaintiffs accompany them back to San Francisco to the end that the family could spend Sunday and Monday there.

The family left Oxnard after an evening dinner. Sommers drove the lead car; plaintiffs and the young son of Rogustino Rivera followed in their own car driven by Rivera. They proceeded in a northerly direction on Highway 101. Sommers kept the lead until they arrived just north of Carpinteria.

Highway 101 at the point of the accident is a divided highway, running generally north and south with two lanes on each side.

Lawrence Parma had been driving a car in a southerly direction on Highway 101 just north of the intersection of Lambert Road and Highway 101. At the intersection named, Parma turned his car to his left, thereby starting to cross over the two lanes which carried northbound traffic. A collision between the Parma car and plaintiffs' car occurred.

All three occupants of the Parma car were killed in the collision. Plaintiff Anna Rivera was critically injured and sustained permanent injuries. Lesser injuries were suffered by plaintiff Rogustino Rivera.

There was considerable testimony pertaining to the speed of plaintiffs' car. Plaintiff Rogustino Rivera testified that he drove at a speed of between 50 and 55 miles per hour. This was substantiated by two other witnesses. Other witnesses testified that the speed of plaintiffs' car was between 80 and 85 miles per hour.

The trial court's instruction to the jury with respect to the effect of speed in excess of the prima facie speed limit, and the one to which plaintiffs assert error, is set forth as follows:

"DEFENDANT'S INSTRUCTION No. ———.

"The law of this state does not prescribe an absolute speed limit, in terms of so many miles an hour, that was applicable at the time and place of the accident involved in this case. The law does ordain what it calls 'prima facie speed limits,' and the law says that if the speed of a vehicle upon a highway is not in excess of the prima facie limit, such speed is lawful unless clearly proved to be in violation of what is known as the basic speed law; and *if the speed of a vehicle upon a highway is in excess of the applicable prima facie limit, such speed is unlawful unless proved to be not in violation of the basic speed law.* (Emphasis added.)

"However, our law further provides that proof of speed in excess of any prima facie limit shall not establish negligence as a matter of law, but that anyone who claims that a speed in excess of such a limit was negligent must, to support such a claim, prove as a fact that such speed was negligent in the circumstances involved.

"The basic speed law to which I have referred provides as follows:

" 'No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for the traffic on, and the surface and width of the highway, and in no event at a speed which endangers the safety of persons or property.'

"The prima facie speed limit that was in effect at the time and place of the accident involved in this case was fifty-five miles an hour.   (BAJI, 4th Ed., 144-A.) (EXACT COPY)

s/ Meredith Wingrove, Judge"

Defendants assert that plaintiffs are precluded from raising this issue since at the time of trial there was no objection to the particular instruction.   [This contention is here devoid of merit, because section 647 of the Code of Civil Procedure expressly provides that "giving an instruction, although no objection to such instruction was made" is "deemed to have been excepted to."   (*Cook* v. *Los Angeles Ry. Corp.*, 13 Cal.2d 591, 593 [1] [91 P.2d 118].)][1]

In *Hensley* v. *Harris*, 151 Cal.App.2d 821, .826 [312 P.2d 414], it was said: "To hold that it is the duty of a party to correct the errors of his adversary's instructions . . . would be in contravention of section 647, Code of Civil Procedure, which gives a party an exception to instructions that are given.   That is the equivalent of a specific objection to all his adversaries' instructions.   While the exception will be of no avail where an instruction states the law correctly but is 'deficient merely by reason of its generality,' in other cases he will not be foreclosed from claiming error and prejudice."

[The record in the instant case is devoid of any showing that plaintiffs waived the provisions of section 647 of the Code of Civil Procedure.]

An appellant may complain where the instruction given erroneously states the applicable law and prejudice is suffered thereby.   (*Ornales* v. *Wigger*, 35 Cal.2d 474, 478

---

[1]Brackets enclosing material (other than editor's added parallel citations) are used to designate insertions or additions by this court.

[218 P.2d 531]; *Lane* v. *Pacific Greyhound Lines,* 26 Cal.2d 575, 587 [160 P.2d 21]; *Tabata* v. *Murane,* 24 Cal.2d 221, 228 [148 P.2d 605]; *Clark* v. *Pamplin,* 147 Cal.App.2d 676, 678 [305 P.2d 950]; *Hensley* v. *Harris, supra.*)

This case presents the ever-recurrent problem confronted by trial judges who were required to give instructions concerning speed limits under the prima facie speed law.

■ The second paragraph of section 511 of the Vehicle Code[2] (from which the italicized part of the instruction is derived) is applicable solely to criminal cases. (*Cavalli* v. *Luckett,* 40 Cal.App.2d 250, 256 [104 P.2d 708]; *Faselli* v. *Southern Pacific Co.,* 150 Cal.App.2d 644, 648 [310 P.2d 698]; *McGuire* v. *Navarro,* 165 Cal.App.2d 661, 666 [332 P.2d 361].)

It has repeatedly been held that the second paragraph of section 511 should neither verbatim nor in substance be included in an instruction in a civil case. (*Anderson* v. *Mothershead,* 19 Cal.App.2d 97, 99 [64 P.2d 995]; *Westberg* v. *Willde,* 14 Cal.2d 360, 369 [94 P.2d 590]; *Akers* v. *Cowan,* 26 Cal. App.2d 694, 696 [80 P.2d 143]; *Cavalli* v. *Luckett, supra;* *Burch* v. *Valley Motor Lines, Inc.,* 78 Cal.App.2d 834, 848 [179 P.2d 47]; *Eslick* v. *Leach,* 135 Cal.App.2d 455, 456 [288 P.2d 38]; *Hardin* v. *San Jose City Lines, Inc.,* 41 Cal.2d 432, 440 [260 P.2d 63]; *Faselli* v. *Southern Pacific Co., supra;* *McGuire* v. *Navarro, supra.*)

The instruction given being clearly erroneous, it must be determined whether the error was sufficiently prejudicial to justify this court in reversing the judgment. We think that it was. A careful examination of the record discloses that this case was very close. There was conflicting evidence as to the speed of the plaintiffs' car, and the instruction in effect erroneously placed the burden of proof on the plaintiffs with respect to the issue of contributory negligence.

In the defense of the action and in their effort to establish the contributory negligence of Rivera, the defendants placed great reliance upon their evidence of the speed of the Rivera car. On the other side, the plaintiffs were insistent in their presentation that the Rivera car was travelling at a speed equal to or well below the permitted speed. In other words, the speed of the Rivera car was a very important matter in this case, and any instruction which misstated the law with reference to such speed under the circumstances is fatal. We have considered the case of *Gulley* v. *Warren,* 174 Cal.App.2d

---

[2] As numbered prior to the 1959 recodification.

470 [345 P.2d 17], cited to us in the oral argument, and find the facts of that case are not comparable to the facts of the instant case.

The trial judge stated at the conclusion of the hearing on the motion for a new trial: "The Court feels in this case that while it is entirely possible that perhaps the Court itself, (or) if the case had been tried before a jury, some other jury might take the same identical facts and arrive at a different conclusion from them."

We deem it unnecessary, under the circumstances, to refer to or dispose of any of the other claimed errors.

The judgment is reversed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., White, J., and Dooling, J., concurred.