[L. A. No. 3459.    Department One.—April 16, 1915.]

LEATHEY ANDERSON, a Minor, by Nels Anderson, Her Guardian Ad Litem, Respondent, v. LOS ANGELES TRANSFER COMPANY (a Corporation), Appellant.

NEGLIGENCE—QUESTION FOR JURY—EVIDENCE SUSCEPTIBLE OF DIFFERENT INFERENCES.—The question of negligence is one of fact for the jury, and its finding cannot be overturned by the court where the evidence is conflicting or where, although the evidence is without conflict, different inferences may reasonably be drawn from it.

ID.—COLLISION WITH AUTOMOBILE—PERSON STANDING IN STREET—FAILURE TO GET OUT OF WAY OF APPROACHING AUTOMOBILE—EXCESSIVE SPEED.—In an action to recover damages for personal injuries resulting from being struck by an automobile, evidence, although conflicting in some respects, tending to show that the plaintiff, a girl of fourteen, was standing at a place where she had a right to be; that the defendant's automobile, running at a speed of twenty miles an hour, came toward her in the same direction as the street car for which she was waiting, and that she saw the automobile approaching, but did not succeed in getting out of the way in time to avoid being struck by it, is sufficient to justify the inference by the jury that the driver of the automobile was guilty of negligence in running at the rate of speed at which he was going.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Fred V. Wood, Judge presiding.

The facts are stated in the opinion of the court.

Morton, Hollzer & Morton, for Appellant.

Crouch & Crouch, for Respondent.

At the close of the argument, Sloss, J., delivered the opinion of the court, Shaw, J., and Lawlor, J., concurring.

This is a suit for damages for personal injuries. The plaintiff was standing in the street, awaiting the approach of a street car, when she was struck by defendant's automobile. The evidence is conflicting in some respects, but there was testimony tending to show that the plaintiff, a girl of fourteen, was standing at a place where she had a right to be; that the defendant's automobile, running at a speed of twenty miles an hour, came toward her in the same direction as the street car which she was awaiting; that the plaintiff saw the automobile approaching, but did not succeed in getting out of the way in time to avoid being struck by it. The verdict was in favor of the plaintiff and the defendant appeals from the judgment and an order denying a new trial. The only point raised on the appeals is that the evidence shows that the plaintiff was guilty of contributory negligence and the defendant was not guilty of negligence.

The rules of law governing this class of cases are thoroughly well settled, and it is unnecessary to cite authorities. The question of negligence is one of fact for the jury, and the finding of the jury cannot be overturned by this court where the evidence is conflicting or where, although the evidence is without conflict, different inferences may reasonably be drawn from it. We are satisfied that the facts shown in the record were sufficient to justify the inference that the driver of defendant's car was guilty of negligence in running at the rate of speed at which he was going, without turning either to the right or the left to avoid the plaintiff, whom he saw standing on the street. On the other hand, the evidence equally justifies the inference that the plaintiff acted reasonably in assuming that the defendant's car would not continue in its course until a point of time when it would be too late for her to get out of the way, and that, when that time came, she attempted, with due care, but unsuccessfully, to escape. In short, it is a case where conflicting inferences may be drawn, and this court must sustain the findings of the jury.

The judgment and the order denying a new trial are affirmed.