[Civ. No. 10974. First Appellate District, Division Two.—January 5, 1940.]

ROBERT ELMER BENSON, a Minor, etc., Respondent, v. L. C. BURK, Appellant.

John J. Jones for Appellant.

Eugene B. Grattan for Respondent.

SPENCE, J.—Plaintiff was a minor of the age of four years at the time he sustained injuries when struck by an automobile driven by defendant Burk. He brought this action for damages, and, upon a trial by the court sitting without a jury, he had judgment against defendant Burk. Said defendant appeals from said judgment.

The sole point raised by said defendant on this appeal is that the evidence was insufficient to sustain the judgment. We are of the opinion that said contention cannot be sustained.

The accident happened in the daytime in a residence district on a street known as Willow Glen Way in the city of Willow Glen. Defendant was driving his automobile in a westerly direction along the northerly side of said street. There were no other vehicles in the vicinity and there was nothing to prevent defendant from having an unobstructed view of the street, the sidewalks and the territory immediately adjacent thereto. According to his testimony the child was hit while running from the south side of the street toward the north side of the street but he admitted that he did not see the child until the automobile was about 15 feet from said child. The testimony of defendant further showed that just before the accident occurred defendant had seen a friend standing on the lawn in front of her home on the north side of said street and that said parties had nodded to one an-

other. Defendant was traveling between 20 and 25 miles at the time. From the foregoing evidence the court was justified in concluding that defendant was negligent in failing to keep a proper lookout as he proceeded down the street and that as a result of such negligence, he found himself in a position where he could not prevent the accident after he did see the child, if he did see the child at all before the accident. This conclusion finds further justification in the testimony showing that defendant had stated after the accident that "he had not seen the boy before the accident"; that "he did not know what he had hit"; that "he did not know what had happened until it was over; he couldn't imagine what was done".

We deem it unnecessary to discuss various authorities cited by the parties. It may be stated, however, in the words of the court in *Hoy* v. *Tornich*, 199 Cal. 545, 547 at page 551 [250 Pac. 565], that, "This is not a case of a child darting suddenly in front of a moving vehicle from a hidden place, but of running into a child on an open highway." We believe it is apparent that there was ample evidence to sustain the findings relating to defendant's negligence.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.