[Civ. No. 6413. Third Appellate District.—March 28, 1941.]

CLARENCE BAUER, Plaintiff and Respondent, v. MRS. HARRY DAVIS, Appellant; ALBERT LENCIONI et al., Cross-Defendants and Respondents.

H. K. Landram, Hoge, Pelton & Gunther and A. Dal Thomson for Appellant.

C. Ray Robinson, Willard B. Treadwell and W. Eugene Craven for Plaintiff and Respondent.

Lee Alex MacNicol and F. M. Ostrander for Cross-Defendants and Respondents.

THE COURT.—This action was brought by Clarence Bauer against defendant and appellant Mrs. Harry Davis, to recover damages for injuries suffered as a result of a collision between the car driven by Mrs. Davis and the one in which plaintiff was riding. The defendant answered denying the allegations of negligence and alleged contributory negligence on the part of plaintiff. The defendant also filed a cross-complaint, naming as cross-defendants, the plaintiff Clarence Bauer and cross-defendants Lencioni, Halstead and Nash. Lencioni was the owner of the car in which plaintiff was riding at the time of the collision. Mr. Halstead was driving this car at the time of the accident. Mr. Nash was an automobile dealer with whom Lencioni was negotiating for the purchase of a new car. A motion for non-suit was interposed and granted as to defendant Nash. The propriety of that order is not contested.

The cross-complaint of defendant Mrs. Davis, named Bauer and Halstead as cross-defendants upon the theory that the collision was a direct and proximate result of the negligence of Halstead, and that Halstead was acting as agent of Bauer

at the time of the accident. The respective cross-defendants filed answers to this cross-complaint.

In addition to his answer to the cross-complaint, Halstead filed a cross-complaint against the defendant, Mrs. Davis, seeking recovery of damages for his injuries. An answer to this cross-complaint was filed by Mrs. Davis. The case went to trial upon the several pleadings, and the jury found for plaintiff Bauer and against Mrs. Davis upon the complaint, and against her also on her cross-complaint against Bauer, and for Halstead and against Mrs. Davis on his cross-complaint and against her on his cross-complaint against Davis. No reference was made to Lencioni in the verdicts. This appeal is from a judgment in favor of plaintiff Clarence Bauer, and cross-complainant Halstead.

The collision giving rise to this suit for damages occurred at the intersection of Sixteenth and V Streets in the city of Merced. Sixteenth Street is also known as Highway 99, and traffic entering thereon is controlled by stop signs. V Street intersects Sixteenth Street east and west.

A short time prior to the accident, Mr. Bauer who was interested in the purchase of the automobile involved in the collision, had stopped in front of a service station where Mr. Halstead was employed. Halstead offered or was requested by Bauer to drive the car. With Halstead driving and Bauer seated as a passenger in the front seat they proceeded north along Sixteenth Street. At a point some 50 feet south of the V Street intersection, Halstead recognized two of his friends standing in front of a service station located on the corner to his left. He tooted his horn and waved to them. As Halstead looked back to the highway the car driven by appellant was observed to be approximately 10 to 12 feet distant and approaching into the intersection from the right. Halstead testified, ''And this other car seemed to just shoot directly right out in front of me and all I had time was just to get set on the brake and clutch, when the accident occurred.'' Bauer and Halstead estimate the speed of their car as they proceeded along Sixteenth Street at 25 to 35 miles per hour. A traffic officer testified, however, that Halstead had stated he was traveling at a speed between 35 and 40 miles per hour.

There is some conflict in the evidence as to whether the appellant Mrs. Davis, was at the time of the accident in the act of making a U turn or whether she had entered Sixteenth

Street after having proceeded along V Street. She testified that she had been proceeding north on Sixteenth Street and was on her way home, and that she remembered something she had forgotten and started to make a left-hand turn for the purpose of proceeding back along Sixteenth Street. Mrs. Davis also testified that before reaching the Signal Service Station (which was approximately 50 feet from the southerly curb line of the intersection) she put out her hand and looked into the rear view mirror and observed a car "just this side, just toward me from the cleaners." The Merced Cleaning Works is located one-half block south of the intersection. In answer to questions as to whether she had looked back again after having reached the point opposite the Signal Service Station, the appellant replied, "I don't remember."

Mr. Gross, appellant's son-in-law, who was riding in the car at the time of the accident was not called as a witness.

Although it does appear that the appellant was in the act of making a U turn on Sixteenth Street at the time of the accident, there is nevertheless some evidence to indicate she may have driven onto Sixteenth Street from V Street. Mr. Hull, a witness for appellant, and the only person other than the occupants of the cars who actually witnessed the collision, testified on cross-examination that "There were the marks that the car had made coming out of V Street, apparently." Mr. Hull had been standing in the doorway of the service station located on the southwestern corner of the intersection and he observed the two cars involved in the collision just a fraction of a second before they collided. He further testified in regard to the position of the cars, as follows:

"Q. And what was the position of the Dodge (Bauer's) sedan, as you first observed it, as nearly as you can recall? A. In relation to the center line of 16th street? Q. Yes. A. It was approximately in the center of that line and the curb, it was in the center of that space. Q. And when you say that, do you mean that one side or the other was approximately on the center, or what we might say, straddling the center of the right-hand lane? A. That would be approximately it, yes. Q. And what was the position of the other car? A. The other car (appellant's car) was coming— or on V street, or in the intersection, but heading up and down V street, was again in relation to the center line of 16th street, the front of that car was possibly five or six feet

from the center line and beyond the center line of V street, again possibly in the very center of the right-hand lane of V street, facing towards the track. Q. Then you would place the Dodge sedan at approximately straddling the center of the right-hand lane? A. Yes. Q. And the Chevrolet (Mrs. Davis' car), as you say, five or six feet from the center line of 16th street? A. Yes, that is the front of the car. Q. Approximately in the center of that quadrant of that intersection? A. Yes, sir.''

The appellant, Mrs. Davis, predicates error on the part of the trial court in denying her motion for non-suit, in the giving of certain instructions relating to the duty of care required on her part, and a refusal by the court to instruct that Lester P. Halstead was an agent of respondent Bauer at the time of the accident. It is also urged by appellant that the evidence compels the conclusion that the accident was caused solely by negligence upon the part of Lester Halstead, or that there is at least a showing that he was guilty of contributory negligence as a matter of law.

The question of negligence is one of fact for the jury where the evidence is conflicting or where, although the evidence is without conflict, different inferences may reasonably be drawn from it. (*Anderson* v. *Los Angeles Transfer Co.,* 170 Cal. 66 [148 Pac. 212].)

Applying this well settled rule of law, it clearly appears that the question as to whether appellant was negligent was properly submitted to the jury. There was not only a conflict in the evidence as to whether Mrs. Davis had approached the intersection from V Street, but different inferences could properly have been drawn even assuming that there was no question as to whether a U turn was being made at the time of the collision. One obvious consideration would be the question as to whether appellant had maintained a proper lookout for traffic approaching from the rear. Where the circumstances present the question, as in the present case, as to whether a defendant has used the care required of a reasonably prudent person, it is one of fact for the jury to decide.

The jury were instructed in the language of section 544 of the Vehicle Code, as follows:

''No person shall turn a vehicle unless and until such movement can be made with reasonable safety and then only

after the giving of the appropriate signal in the manner provided herein in the event any other vehicle may be affected by such movement.''

The jury might well have concluded, and there is substantial evidence in support thereof, that appellant violated the foregoing provisions of the Vehicle Code.

▮ Mrs. Davis testified that she didn't remember whether she had looked back after observing a car opposite the Merced Cleaners. It might well be concluded that appellant did not look back at the time she was making the U turn. An observation at this time would have revealed the presence of the car driven by Halstead, and Mrs. Davis would then have ascertained that her U turn movement could not have been made with reasonable safety. It was not necessary, nor does the law require, that a constant observation be maintained to the rear prior to making a U turn. It is necessary, however, in the turning of a vehicle, whether it be to the left, to the right, or in the making of a U turn, that reasonable care be exercised in ascertaining that such movement will not cause contact with any other vehicle or person. (*Meyers v. Bradford*, 54 Cal. App. 157 [201 Pac. 471].)

▮ Performing the requirement of giving the appropriate hand signal does not necessarily relieve a driver of the duty to also make proper observations. As is often the case, the driver of a car preceding another may suddenly give a hand signal and turn his car quickly to the right or left without observing traffic to the rear. Such action certainly constitutes negligence, and the hand signal cannot be deemed to have been sufficient warning. The circumstances in the present case indicate that appellant either failed to look to the rear at all, or that upon reaching the intersection she proceeded to complete her U turn without concerning herself with the northbound traffic. As indicated, the jury were presented with sufficient evidence and circumstances from which it might well be concluded that appellant was negligent.

▮ The court's instruction as to the duty of care upon appellant ''to look'' was perfectly proper. The contention that such instruction compelled a duty to constantly and continuously observe the Halstead car is not sound nor reasonable. The court instructed that the duty to exercise reasonable care was ''not necessarily met by looking once and then looking away''. The language, that the duty to look is

"a continuous one", could not reasonably be construed to require appellant continuously to observe the Halstead car.

■ Contributory negligence and the determination as to whether a plaintiff has by his conduct proximately contributed to his own injuries, like the question of negligence upon the part of a defendant, is ordinarily a question of fact for the jury. Conduct of a plaintiff, even though admittedly careless in some respect, does not necessarily constitute contributory negligence as a matter of law. (*Rush* v. *Lagomarsino*, 196 Cal. 308 [237 Pac. 1066]; *Johnson* v. *Pickwick Stages System*, 108 Cal. App. 279 [291 Pac. 611].)

■ The question as to whether the conduct on the part of Halstead constituted negligence which proximately contributed to his injuries was properly submitted to the jury. It cannot be held that Halstead's action in removing his eyes from the road and waving to his friends was, as a matter of law, a contributing, proximate cause of the collision. Halstead testified in regard to looking away from the highway and toward his friends that it was "just a momentary glance". There is nothing in the evidence to indicate that Halstead could have averted the collision even though his eyes had not been taken momentarily from the highway in front of him. In fact, Halstead's testimony in regard to appellant's car shooting directly out in front of him, might well indicate that no amount of due care on his part would have averted the collision. ■ It must be presumed in support of the judgment that all favorable evidence and deducible inferences were considered by the jury. It must also be presumed that the jury considered the evidence relating to the speed of the Halstead car and concluded that such speed did not proximately contribute to the accident.

Appellant cites the case of *Benson* v. *Burk*, 36 Cal. App. (2d) 448 [97 Pac. (2d) 858], in support of his contention that Halstead was guilty of contributory negligence as a matter of law. The negligence of the defendant in the Benson case did consist in defendant's act of diverting his attention from the road and waving to a friend. The decision in the Benson case cannot, however, be deemed to be controlling in every situation where it is shown that the driver of a car has taken his eyes from the road to wave to a friend. Moreover, the language of the opinion indicates that the defendant could have averted striking the child if

his attention had not been diverted. Such a conclusion follows from the statement that this was not the case of a child suddenly darting from a hidden place, but the running into a child on an open highway.

We conclude that the verdict of the jury is sufficiently supported by the evidence, as we have indicated, and that the negligence of appellant was a proximate cause of the injuries received by respondent, Bauer, and cross-complainant Halstead. Appellant's motion for a non-suit was therefore properly denied.

█ There is no merit in the contention that the court erred in its instructions as to the law pertaining to stop signs. As indicated, there was evidence introduced from which the jury might have concluded that appellant entered Sixteenth Street after having driven through the stop sign located at that intersection. If Mrs. Davis had been proceeding along V Street and had driven through the stop sign in violation of section 577 of the Vehicle Code, the jury would have been warranted in concluding, under the circumstances, that such violation was a proximate cause of the collision.

█ In conclusion and in answer to appellant's contention that the court erred in refusing to instruct that Halstead was an agent of respondent Bauer, we deem it sufficient to point out that the verdict of the jury constituted a finding that Halstead was not guilty of contributory negligence. There is substantial evidence in support of that finding, and therefore it is immaterial as to whether Halstead was or was not acting as an agent for respondent Bauer. Bauer would be precluded from recovering damages as against appellant, assuming that Halstead was the agent of Bauer, only in the event that Halstead was guilty of contributory negligence. █ Lencioni, the owner of the car driven by Halstead, would in any event, be liable to appellant in damages, only upon the conclusion that the negligence of Halstead was the sole and proximate cause of the collision. It was therefore immaterial that Lencioni was not mentioned in the verdict.

We do not deem it necessary to discuss other points raised in appellant's brief.

The judgment in favor of respondent Charles Bauer, and cross-complainant Lester P. Halstead, is affirmed.

A petition for a rehearing was denied April 26, 1941, and appellant's petition for a hearing by the Supreme Court was denied May 26, 1941.