[Civ. No. 24240.   Second Dist., Div. One.   May 10, 1960.]

NELLY AIVAZI et al., Appellants, v. CEFERINO MARCANO, Respondent.

Max A. Knepper for Appellants.

Hunter & Liljestrom, Sawtelle & Clausen and Kenneth H. Clausen for Respondent.

WOOD, P. J.—Action for damages allegedly caused when an automobile, operated by defendant, collided with the rear end of an automobile in which plaintiffs were passengers. Pursuant to the verdict of the jury, judgment was in favor of defendant. Plaintiffs appeal from the judgment.

Appellants contend that the verdict was against the evidence; and that, as a matter of law, defendant was negligent.

On Sunday, December 9, 1956, about 5:15 p.m., the plaintiffs were riding in the rear seat of a Pontiac automobile which was traveling southeasterly on San Fernando Road (going from the city of San Fernando toward Los Angeles), and was approaching Van Nuys Boulevard. Defendant, who was driving an Oldsmobile automobile, had been following the Pontiac automobile for a distance of approximately a mile (after both automobiles had left the city of San Fernando). There were two lanes for traffic in the direction the two automobiles were traveling; and there were two lanes for traffic in the opposite direction. The two automobiles were in the second lane (outside lane) to the right of the center line. There were many automobiles in the lane (inside lane) to the left of the two automobiles, and there were many automobiles in front of the Pontiac. As defendant approached the intersection of Van Nuys Boulevard and San Fernando Road, his automobile and the automobiles to his left and in front of him were traveling 10 or 12 miles an hour. As he approached that intersection he saw the light of the traffic signal at the intersection change from yellow to red. At that time all the automobiles (four or five) in front of him were slowing down "little by little" before stopping, and the automobiles "were very close" to one another. When the Pontiac was going about 5 miles an hour, and was about 2 feet behind the next preceding automobile, the Pontiac stopped suddenly. Then defendant applied his brakes, but, according to his testimony, he "was too close" and his automobile ran into the Pontiac "a little bit"—"just touched it in the back, that is all." Defendant testified further that the collision did no damage to his automobile; he looked at the Pontiac to see if it had been damaged, and he did not find any damage at all; he asked the plaintiffs and the man who was driving the Pontiac if they were hurt; they replied, "No"; after the accident the plaintiffs were smoking cigarettes and laughing; both automobiles were driven away under their own power. Defendant testified further that at the time of the accident his two children (one 2 years old, and the other 3 years old), and a woman and another child (17 months old),

were on the rear seat of his automobile and they did not slide off the seat; that no one in his automobile was injured.

The reporter's transcript on appeal is a partial transcript, consisting only of the testimony of defendant under section 2055 of the Code of Civil Procedure and as a witness in his own behalf. The record on appeal does not contain any testimony to the effect that either plaintiff was injured.

As above stated, appellants assert that, as a matter of law, defendant was negligent. The appellants were passengers in the Pontiac,—there was no issue as to contributory or imputed negligence with respect to appellants. If, as defendant testified, the Pontiac stopped suddenly, that act of the driver of the Pontiac could not be imputed to the appellants. Appellants argue that defendant's testimony that ''I put my brakes on, but I was too close'' establishes, under the circumstances here, that defendant was negligent. At the request of appellants the trial judge gave the following instruction to the jury: ''Section 531 of the Vehicle Code of the State of California reads as follows: Following Too Closely. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon, and the condition of the roadway. If you should find from the evidence that a party to this action conducted himself in violation of Section 531 of the Vehicle Code just read to you, you are instructed that such conduct constituted negligence as a matter of law.''

The jury was not required, by reason of defendant's statement that he was too close, to conclude that he was negligent. The jury might have found that the statement meant that the stop made by the Pontiac was so abrupt and unwarranted that even though defendant was exercising reasonable care he was too close to the Pontiac to avoid a collision. Under the instruction above quoted, the jury, in determining whether defendant was following more closely than was reasonable and prudent was required to determine whether defendant had due regard for the speed of the Pontiac and the traffic upon the roadway. The jury could have found from the evidence that the traffic was heavy; that traffic was gradually slowing down preparatory to stopping in compliance with the traffic signal at the intersection; that the many automobiles so approaching the intersection were close to one another; that the driver of the Pontiac, who had been traveling about 5 miles an hour, stopped suddenly and without warning; and that the proximate cause of the collision was negligence on

the part of the driver of the Pontiac, and was not negligence on the part of defendant. The statement of defendant that he was too close was a circumstance to be considered by the jury in determining the facts, but the statement was not in itself determinative that defendant was negligent.

Appellants cite, as controlling herein, the case of *Gray* v. *Brinkerhoff*, 41 Cal.2d 180 [258 P.2d 834], wherein a judgment for defendant, based upon a verdict, was reversed upon the ground that defendant was negligent as a matter of law. In that case the defendant, who was driving a truck that struck plaintiff who was walking in a crosswalk, testified that he did not see plaintiff before the accident occurred. At the time of the accident therein it was clear daylight and no one else was in the crosswalk. The court said (p. 184): "Under the circumstances shown it appears to us that the evidence does not reasonably admit of any conclusion other than that defendant could have fulfilled his duty to look for pedestrians and could have seen plaintiff if he had exercised ordinary care." In the present case appellants assert that the Gray case, *supra,* placed a limit on the doctrine of jury infallibility; and by reason of that decision a jury can no longer legally disregard evidence which is undisputed. According to plaintiffs, the Gray case is applicable in the present case for the reason the defendant in each case testified to the effect that he violated a provision of the Vehicle Code,—in the present case he was following too closely, and in the Gray case he did not see the plaintiff. The cases are distinguishable. As above stated, the statement of defendant that he was too close was a circumstance to be considered but it was not in itself determinative that defendant violated the code section relative to following too closely. That section, above referred to, provides that the driver shall not follow more closely than is reasonable and prudent, having due regard for the speed of the vehicle and the traffic upon the roadway. As above shown, under the circumstances of the present case, the triers of fact could reasonably find that the statement of defendant that he was too close did not mean that he was negligent. ▮▮ In *Davis* v. *Ewen,* 148 Cal.App.2d 410 [306 P.2d 908], it was said at page 413: "Appellate courts have consistently held that rear-end collisions usually present questions of fact and not of law. The general rule is well stated in *Lowenthal* v. *Mortimer* [125 Cal.App.2d 636 (270 P.2d 942)] . . . as follows: 'It is now well established that when one motor vehicle runs into

the rear of another vehicle, negligence is a question of fact and not of law. . . .' ''

In the present case, the contention that defendant was negligent as a matter of law is not sustainable.

Furthermore, in the present case, regardless of the question of negligence, the jury could have found that plaintiffs were not damaged. As above shown, the defendant testified to the effect that the impact between the automobiles was. slight—that his automobile touched the Pontiac; there was no damage to either automobile; the plaintiffs said they were not injured. The partial transcript on appeal does not include any testimony to the effect that either plaintiff was injured. All intendments are in favor of the judgment. In *Davis* v. *Ewen, supra,* wherein the front of an automobile collided with the rear of another automobile, it was held (p. 414) that there was a substantial conflict in the evidence as to the question of negligence and as to the question whether plaintiff was injured. It was said therein (pp. 414 and 415) : ''It cannot now be determined whether the jury verdict [for defendant] was based upon absence of negligence or upon lack of proof of traumatic injury.'' Under the evidence in the present case it might well be that the jury found that neither plaintiff was injured.

The evidence was sufficient to support the verdict.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.