[Civ. No. 10074. Third Dist. Apr. 7, 1961.]

EFFIE LAWSON, Plaintiff; JAMES A. LAWSON, as Administrator, etc. (Substituted Plaintiff), Respondent, v. RICHARD P. LESTER et al., Appellants.

Chinello & Chinello for Appellants.

C. Ray Robinson, Godfrey L. Munter, Jr., and Duane W. Dresser for Respondent.

WARNE, J. pro tem.*—This is an appeal from a money judgment in a personal injury action.

The respondent sustained injuries when the station wagon in which she was riding was struck from the rear by a 2-ton truck driven by the appellant Lester. Prior to the accident both vehicles were proceeding in an easterly direction on State Route 140 in Merced County. The accident occurred at 1:30 on the afternoon of a clear day. The road was dry and the truck was in good mechanical condition. The truck had been traveling at a rate of speed between 45 and 50 miles an hour. Appellant Lester first observed the station wagon in which respondent was riding a quarter of a mile ahead. The station wagon's speed was slower and the truck was slowly gaining on it. Appellant Lester testified that when he approached to within 250 feet of the rear of the station wagon he observed that it was slowing down and that he saw its blinker signals were indicating a left turn. As the station wagon entered the intersection of Highway 140 and Applegate Road it slowed down almost to a stop. Mr. Lester testified that at that time the distance between the vehicles had decreased to approximately 100 feet. Appellant also slowed down, but did not apply his brakes until the station wagon was practically through the intersection. Then as the station wagon, with its left turn blinker signal still working, started to turn to enter the open area in front of the Machado store

---

*Assigned by Chairman of Judicial Council.

at the northeast corner of the intersection, i.e., to the left, it was struck on the right rear end by the truck. The collision occurred 40 feet east of the intersection. Further, the appellant Lester was familiar with the road and the intersection and knew of the location of the store. There are no curbs or any sort of barriers separating the road, either on Applegate Road or Highway 140. The graveled shoulders of the road merge right into the graveled area in front of the store. There is no evidence nor any claim that the station wagon came to a sudden stop and thus caused the accident, nor is there any claim that the accident was caused by the station wagon being turned into the path of the appellant's truck. These facts stand undisputed. Hence, it appears that the accident was solely due to the appellant Lester's negligence in failing to heed the obvious signal and declaration of the driver of the station wagon that he intended to make a left turn.

"The question of negligence is one of fact for the jury where the evidence is conflicting or where, although the evidence is without conflict, different inferences may reasonably be drawn from it." (*Bauer* v. *Davis*, 43 Cal.App.2d 764, 769 [111 P.2d 715], citing *Anderson* v. *Los Angeles Transfer Co.*, 170 Cal. 66 [148 P. 212].) Here there is no conflict in the evidence and the facts are such that but one legitimate inference can be drawn from the evidence, i.e., that appellant Lester was the only negligent party involved in the accident. Such being our conclusion, we find no merit in appellants' contention that the trial court committed prejudicial error in granting respondent's motion for a directed verdict upon the issue of liability and thus leaving for the determination of the jury the sole issue of the amount of damages to be awarded respondent. The many cases cited by appellants in support of their contentions are so factually dissimilar that we deem it unnecessary to discuss any of them.

Even if it could be found that the respondent's husband, who was driving the station wagon, was in some way negligent, his contributory negligence could not be imputed to his wife because the use of community property by the husband is not dependent upon the wife's consent. (*Cox* v. *Kaufman*, 77 Cal.App.2d 449 [175 P.2d 260]; *Wilcox* v *Berry*, 32 Cal.2d 189 [195 P.2d 414].) The evidence shows that the station wagon had been purchased from the husband's earnings during marriage and that it was community property. Appellants attempted to rebut this evidence by intro-

ducing photostatic copies of the certificate of ownership issued by the Department of Motor Vehicles to the original owner and the certificate of registration issued to respondent and her husband. From the first certificate it appears that the station wagon in question was either sold or traded to a dealer and was endorsed on line 3 by the dealer. The application for transfer by new registered owner was signed by Jim and Effie Lawson (lines 5 and 6) and the name of the new legal owner was stated to be Bank of America N. T. & S. A. and Gaestel Motor Co. (lines 8 and 9). The registration certificate issued by the department names Jim and Effie Lawson only as registered owners. The presumption that property acquired by a married woman is her separate property applies only to that which is acquired by "an instrument in writing." (Civ. Code, § 164; *Estate of Walsh,* 66 Cal.App.2d 704 [152 P.2d 750]; *Fennell* v. *Drinkhouse,* 131 Cal. 447 [63 P. 734, 82 Am.St.Rep. 361].) In the instant case there is no evidence that the respondent's interest in the station wagon was acquired by an "instrument in writing," and there is therefore no presumption that the interest was her separate property. The certificate of registration is not an "instrument in writing" by which a person acquires title. (*Pacific Tel. & Tel. Co.* v. *Wellman,* 98 Cal.App.2d 151, 155 [219 P.2d 506].)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied May 4, 1961, and appellants' petition for a hearing by the Supreme Court was denied May 31, 1961.